## Appeal of Townsend and Hartshorne.

1. As a general rule, pecuniary legacies do not bear interest until they are payable, *i. e.*, until one year after the testator's death. Where, however, such a legacy is made in trust to apply its income to the support and maintenance of the legatee, such legacy bears interest from the date of testator's death. Especially is this so when the legacy is to be paid by the executors transferring to the trustees for the legatee interest-bearing securities, belonging to testator's estate. It is immaterial that the legatee in such case is an adult, and not closely related to the testator.

2. A testatrix, after directing her executors to sell her real and personal property, bequeathed out of the proceeds of such sales the sum of $24,000, in trust to apply the income to the "maintenance, education and support" of four children of her deceased niece, A., during their lives, with remainder to their children. The executors filed an

account of decedent's personalty, on the audit of which a small balance of such personalty, remaining after the payment of the principal sums of testatrix's legacies and the debts of the estate, was awarded to the residuary legatees, who subsequently elected to take decedent's realty as realty. Upon the confirmation of this account, the executors, conformably to a power given to them by the will, transferred to the trustee for A.'s children, who were adults, four of decedent's interest bearing securities of equal value with their legacy, but withheld the interest that had accrued on such securities from the date of decedent's death on the ground that it belonged to the residuary legatees. A.'s children thereupon filed a bill of review to re-open the adjudication of the executor's account, which was dismissed "without prejudice." They then filed a petition praying that decedent's realty be charged with and sold for the payment of such interest to them. *Held,*

(1) That the legatees were entitled to interest upon their legacy from the date of decedent's death and that such interest was a charge upon the realty.

(2) That the election of the residuary legatees to take the realty as realty was necessarily subject to such charge, and did not exempt it therefrom.

(3) That the legatees were not concluded from setting up said claim for interest either by the dismissal of their bill of review—it being without prejudice,—or by the confirmation of the executor's account, such claim not having been made or passed upon at the audit of said account.

April 8, 1884.　Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ.　GREEN, J., absent.

APPEAL from a decree of the Orphans' Court of *Philadelphia County:* Of January Term, 1884, No. 177.

This was an appeal by Henry C. Townsend and Edward Hartshorne, executors and residuary legatees of Ruhamah Calhoon, deceased, from a decree of the said court, ordering the said executors to pay the sum of $1,812.94 interest on a certain legacy from the date of the decedent's death to the trustee for the legatee, and further ordering that in default of such payment, within twenty days, a levari facias should issue against the realty belonging to the residuary estate.

The facts were as follows: Rahumah Calhoon died October 17, 1880. By her last will she directed her executors to sell all of her real estate and out of the proceeds of such sale and of her personal property to pay to Henry C. Townsend and the Fidelity Insurance, Trust and Safe Deposit Company the sum of $24,000, in trust to invest the same and apply its income to "the maintenance, education and support of George Ireland, Benjamin C. Ireland, Thomas M. Ireland, and Elizabeth H. Ireland, children of my deceased niece, Elizabeth Calhoon, wife of Edward Ireland, in equal shares and proportions for and during their natural lives," with the remainder to the children of such cestuis que trustent. The testatrix after further providing that the executors could pay said legacies in their discretion either in cash or by transferring

to the trustees securities belonging to her estate, appointed Henry C. Townsend and Edward Hartshorne as her executors, and devised to them her entire residuary estate.

The executors duly filed their account of the personal estate. On the audit of the same, a balance of some $50,000 was found in their hands for distribution, out of which there was awarded to the said trustees for the Ireland children the sum of $24,000, less the collateral inheritance tax. Payment of the other legacies was awarded, and after the payment of these legacies and of the debts of the estate, a balance of said personalty amounting to $49.70 was awarded to the residuary legatees. Upon the confirmation of this adjudication, the executors, in payment of the legacy to the Ireland children, transferred to their trustees four interest bearing mortgages of equal value with the legacy. On these mortgages, interest had accrued since the death of the decedent amounting to about $1,500, and this interest had been included by the executors in their balance for distribution. The Ireland children, claiming that their legacy bore interest from the death of the decedent, and that this interest therefore belonged to them. filed a bill of review in the Orphans' Court to re-open the said adjudication, but this bill was dismissed " without prejudice " to the petitioners in another proceeding. The said legatees then filed a petition for a citation to the executors to file an account of the proceeds of the real estate, of which the testatrix had died seised, and which by her will she had directed to be sold for the payment of the legacies, without averring, however, an actual sale of testatrix' real estate. The executors filed an answer in which they alleged that by reason of the adjudication of their account, and the confirmation of such adjudication, and also by reason of the dismissal of petitioner's bill of review, the matter was *res adjudicata,* and the petitioners were concluded; that in view of the facts that the petitioners were only distantly related to the testatrix, that the youngest of them attained full age within one month after the death of the testatrix, and that they had a father living, it could not be assumed that the testatrix intended to give the petitioners interest on their legacy from the date of her death; that they, the executors, had not sold the real estate as directed by the will, for the reason that the personal estate having proved sufficient to pay all the debts and charges upon the estate, the real estate of decedent belonged under said will to the residuary legatees, who had elected to take it as land.

On the hearing of this petition and answer, the prayer of the former was amended, by leave of court, so as to pray for an order on the executors to sell the said real estate and account for the proceeds.

The court, after argument, decreed that the petitioners were entitled to the interest on their legacy from the death of the decedent, that said interest, amounting to $1,812.94, was a charge upon the real estate in the hands of the residuary legatees, and that, in default of payment thereof to the trustees for such legatees within twenty days, a levari facias should issue against the said real estate. HANNA, P. J., delivered the following opinion:

After a careful reading of the will, we do not doubt that in this instance, there is an exception to the general rule, that a legacy of a gross sum only carries interest from one year after the death. The intention of testatrix to provide "maintenance" and "education" for the children of her deceased niece, could not be more unmistakable, and where this clearly appears, interest is allowed from the death, otherwise, the object and purpose of testatrix will be delayed, and perhaps defeated. Nor is it of any moment that the beneficiaries are so remote. There is nothing in the law preventing a testator from providing for the maintenance and education of strangers to his blood, and if that intention is accurately and unequivocally expressed, his intention will be respected. Nor need the beneficiaries be minors only—adults are often as helpless, necessitous, and uneducated as those under lawful age, and equally appeal to the sympathy and generosity of the benevolent. They too should be cared for as intended by the bountiful, if that intention be clearly manifest, so that it is frequently a mere question of intention. Here the intention is clear, that the legatees should immediately upon the death of testatrix enjoy the means she provided for their education and support, and not be postponed one year, and perhaps, until the end of the second year. These views, we think, are fully sustained by the authorities: Hilyard's Estate, 5 Watts & S., 30; Eyre v. Golding, 5 Binney, 472; Bird's Estate, 2 Parsons, 168; Sergeant's Estate, 9 Phila. Rep., 346; Keech v. Speakman, 1 Clark, 72; Steiner's Estate, 13 Phila. Rep., 358; where the subject was carefully considered by ASHMAN, J.

The second question is, whether the distribution of the entire personal estate relieves the real estate from the payment of the balance due of the legacy. This does not concern the executors, qua executors. As the entire estate is chargeable with the legacies, although the personalty is primarily liable, it is immaterial to them that the latter has been exhausted in the payment of some legacies, to the exclusion of others, or in the partial payment of legacies. It directly affects, however, the residuary legatees, who have elected to take the land as land. This they had full authority to do, if they desired— and although by the terms of the will an equitable conversion

took place, yet it is also well recognized as a rule in equity, that land not necessary to be sold for the purposes of the will, in this case the payment of debts and legacies, still remains land, and as such will go to the heir or residuary legatee: Hilton *v.* Hilton, 2 MacArthur, 88 (Sup. Ct. D. C.). The residuary legatees having taken the land subject to the lien of the legacies, therefore cannot complain at being required to pay any deficiency of the personal estate. They are only entitled to that which remains after all other claims upon the estate are paid in full.

Townsend and Hartshorne thereupon took this appeal, assigning for error the entry of the said decree.

*J. Cooke Longstreth*, for the appellants.—The appellees were concluded by the confirmation of the adjudication of the executor's account: Geiger's Estate, 12 W. N. C., 439; Lehr's Appeal, 98 Pa. St., 25; Bannar's Estate, 6 W. N. C., 148. The legacy here does not bear interest until it becomes payable, *i. e.*, after one year from the death of the testatrix. Act of February 24, 1834, Purd. Dig., 448. This is the general rule in Pennsylvania. The only exception thereto, where an intent, not expressed, is inferred that a beneficiary is to receive interest from the death of a testator, is that in favor of a legatee who is a child of testator, or one to whom testator stood *in loco parentis*, and who needed support; and that intent will only be inferred when the executors are the trustees for such legatee, and the fund consists of interest bearing securities. None of these circumstances, creating the said exception, appears in this case, which therefore falls within the application of the general rule: King *v.* Diehl, 9 S. & R., 409; Beehler *v.* Smith, 3 Gr., 141; Martin *v.* Martin, 6 Watts, 67; Gill's Appeal, 2 Barr, 221; Hilyard's Estate, 5 W. & S., 30; Bitzer *v.* Hahn, 14 S. & R., 238; Martin *v.* Martin, 6 Watts, 68; Jones' Appeal, 3 Gr., 174; Leech's Appeal, 44 Pa. St., 142; Kerr *v.* Bosler, 12 P. F. S., 183; Page's Appeal, 21 P. F. S., 404.

*George P. Rich* (with him *Mayer Sulzberger*), for the appellees.—This case is ruled by Appeal of Penna. Co., 41 Legal Intelligencer, 26; Bird's Estate, 2 Pars. Eq., 168; Sergeant's Estate, 9 Phila., 346; Steiner's Estate, 13 Phila., 358; Landis *v.* Landis, 2 Pearson, 109; Eyre *v.* Golding, 5 Binney, 472; Hilyard's Estate, 5 W. & S., 30; Spangler's Estate, 9 W. & S., 135.

Mr. Justice STERRETT delivered the opinion of the court, October 6, 1884.

After ordering her executors to sell at public or private sale, according to the best of their judgment and discretion, all her real estate, and authorizing them, in like manner, to sell, assign and transfer all or any part of her personal property, the testatrix directed them, out of the proceeds, to pay over to trustees, one of whom was also an executor, the sum of $24,000, in trust to invest the same "in good, safe interest bearing securities, and the same to sell and change from time to time as they may see fit, and to collect and receive the interest, dividends and income thereof, and the same either to pay over to, or apply and appropriate to and for the maintenance, education and support of" the appellees, children of her deceased niece, "in equal shares and proportions for and during their respective natural lives, and with authority to pay the same to the guardians of such as are minors," etc. She further authorized her executors, in payment of this and other legacies, to transfer securities and investments belonging to her estate. At the time of her decease, testatrix owned interest bearing securities and investments ample for that purpose; and, in payment of the legacy, appellants transferred a portion of these securities, on which interest had accrued during the year next after her decease, and was received by them. Claiming that the appellees were not entitled to interest on the legacy during that period, the appellants retained for the benefit of the residuary estate, the interest thus collected by them on the securities transferred to the trustees; and thus arose the paramount question in the case, viz., whether the legacy in trust for the maintenance, education and support of the *cestuis que trustent*, bears interest from the decease of testatrix or only from the expiration of a year thereafter. On the authority of Hilyard's Estate, 5 W. & S., 30, and kindred cases, the learned president of the Orphans' Court sustained the contention of the appellees, and in this we think he was right. The general rule undoubtedly is that pecuniary legacies are not payable until a year after the testator's death, and in the meantime do not bear interest, but to this there are some well recognized exceptions, such as a legacy by a parent to his child, or by one *in loco parentis*, by way of maintenance, where the possession of the principal is deferred; a legacy to a widow in lieu of dower, where no other means for her support is provided, and also where interest in the nature of an annuity is given, if by implication from the terms of the instrument, the legacy is given for support: Cooke *v.* Meeker, 36 N. Y., 15. In this case it is said, when a sum is left in trust with direction that the interest and income shall be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's decease,

10 Outerbridge.—18.

[Townsend's Appeal.]

especially when it appears to have been the intent of the testator that the legacy should be paid by a transfer of securities bearing interest at the time of his death. Under such circumstances, all the authorities concur in holding that the accruing interest upon the securities, from the time of testator's death, should go to the use and maintenance of the beneficiary. In the case before us, the clearly expressed intention of the testatrix was to provide maintenance, education and support for the children of her deceased niece, and there appears to be no reason why it should not be carried out. It is no answer to say they are too remotely related to her. There is nothing to prevent a testator from providing for the maintenance and education of strangers to his blood, whether they be infants or adults. If his intention so to do is clearly and unequivocally expressed it should be respected. We have no doubt it was the intention of the testatrix in this case that her beneficiaries should enjoy the benefit of the means provided for their maintenance and education, immediately upon her decease, and not be postponed for a year or two thereafter; and, upon that ground, if no other, the decision of the court below, as to the question of interest, should be sustained.

The appellees are not concluded by the confirmation of the executors' account or distribution of the small balance then in their hands. The claim that is now urged was not then presented nor passed upon in that proceeding. Nor are they concluded by the dismissal of their petition for review. That was expressly done without prejudice to their rights, if any they had, in another form of proceeding.

The entire estate of testatrix, both real and personal, was made a fund for payment of the legacy in question. The former was not sold by the executors, for the reason that they as residuary legatees elected, as they had a right to do, to take the land instead of the proceeds thereof, but that did not relieve the real estate in their hands from the burden imposed upon it by testatrix.

Having rightly sustained the claim of appellees to interest on the legacy, from the date of testatrix' decease, the learned judge was clearly right as to the proper mode of enforcing payment. The petition, it is true, was informal and irregular, but it was amendable, and he had a right to treat it as amended.

There appears to be no error in the decree, or in any of the proceedings leading thereto, that requires correction.

　　　　　　Decree affirmed and appeal dismissed at the costs of appellants.