# Todd's Estate (No. 2).

*Wills—Legacy—Interest on legacy—Remainder.*

1. Where a testatrix bequeaths a sum of money to a trustee in trust to pay the income to a grandson for life, and after his death to pay the principal to his surviving children when they attain the age of twenty-one years, and it appears that the grandson dies in the lifetime of the testatrix, leaving to survive him an infant daughter to whom the testatrix does not stand in loco

parentis, and who is not destitute nor in need of an allowance for maintenance, the granddaughter is not entitled to interest on the legacy during the year from the death of the testatrix.

*Taxation—Collateral inheritance tax—Legacies paid in lifetime —Decedent's estates—Act of May 6, 1887, P. L. 79.*

2. Under the Act of May 6, 1887, P. L. 79, where a deed or transfer is intended to take effect either in possession or enjoyment after the grantor's death, the property conveyed is subject to the collateral inheritance tax. When the right to income is retained during the life the conveyance, as to enjoyment, does not take effect until the death of the grantor.

3. Where a testatrix makes her will bequeathing certain legacies, and thereafter pays over to the legatees the principal sum of the legacies, taking from them obligations to pay her interest on the same during the term of her natural life, such legacies are subject to collateral inheritance tax upon the death of the testatrix.

Argued April 22, 1912. Appeal, No. 207, Jan. T., 1911, by Sarah A. Todd Memorial Home, from decree of O. C. Cumberland Co., dismissing exceptions to auditor's report in Estate of Sarah A. Todd, deceased. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Decree modified.

Exceptions to report of C. S. Brinton, Esq., Auditor. The opinion of the Supreme Court states the facts.

*Errors assigned* were in dismissing exceptions to auditor's report.

*E. M. Biddle, Jr.,* for appellant, cited as to the collateral tax: Attorney General v. Sefton, 11 H. L. Cas. 257; Reish v. Com., 106 Pa. 521; McCormick's Est., 15 Pa. C. C. R. 621.

*Joseph P. McKeehan,* with him *Geo. L. Reed,* for George Edward Reed, Trustee of Anne Wilson Todd, cited: Robinson's Est., 16 Pa. D. R. 31; Entenmann's

Est., 18 Pa. D. R. 343; Seibert's App., 19 Pa. 49; Bowman's App., 34 Pa. 19; Clark v. Wallace, 48 Pa. 80; Hilyard's Est., 5 W. & S. 30.

*S. B. Sadler*, for the Commonwealth.—The Commonwealth was entitled to the tax: DuBois' App., 121 Pa. 368; Seibert's App., 110 Pa. 329; Brandreth's App., 169 N. Y. 437 (62 N. E. Repr. 563); State Street Trust Co. v. Stevens, 95 N. E. Repr. 851; Singer v. Trust & Safe Dep. Co., 24 Pa. Superior Ct. 270; Conwell's Est., 5 Pa. C. C. R. 368.

OPINION BY MR. JUSTICE POTTER, October 14, 1912:

In the second clause of the will of Mrs. Sarah A. Todd of Carlisle, Pa., she gave to Dr. George Edward Reed the sum of $25,000, in trust, the income thereof to be paid to her grandson, Walter Holroyd Todd, during his life, and at his death the principal sum to be paid over, share and share alike, to the surviving children of the said grandson; the share of any minor to remain in the hands of the trustee until said minor attained the age of twenty-one years. It is admitted that Walter Holroyd Todd died in the lifetime of his grandmother, leaving one child, Anne Wilson Todd, a minor, to survive him. The auditor awarded to the trustee of the minor child, the sum of $837 as interest on the legacy of $25,000 given as above, from the date of the death of testatrix, to May 6, 1910, when it was paid by the excutors to the trustee. To this award of interest the Sarah A. Todd Memorial Home, the residuary legatee, excepted; but the court below dismissed the exception and confirmed the report.

This appeal has been taken on behalf of the residuary legatee, and in the first and second assignments, error is alleged in the dismissal of the exceptions to the award of interest upon the legacy to the child of Walter Holroyd Todd, from the death of the testatrix. The general rule upon the subject is thus stated in a late case:

"It is plainly reasonable, and the authorities agree, that a legacy bears interest from the time it is payable under the terms of the will. If the time is not fixed, then interest runs from the expiration of a year from the testator's death": Gunning's Estate, 234 Pa. 148. Mr. Chief Justice GIBSON said, in Gill's Appeal, 2 Pa. 221 (p. 222): "The case of a destitute child, which alone is excepted out of the rule that, in the absence of specific intention to the contrary, a legacy does not bear interest, before it is payable, rests on the natural obligation of a father to maintain the helpless being he has contributed to bring into the world, till it can maintain itself; and interest is allowed on a legacy to it, not as interest, but as maintenance." In Leech's Appeal, 44 Pa. 140, Mr. Chief Justice LOWRIE said (p. 142): "It is only by equity that any (interest) can be allowed, and it allows none on such a legacy except where the relation of the legatee to the testator, in connection with circumstances of destitution and dependence of the legatee seems to demand it, and thus to support the supposition that it was intended." In 2 Williams on Executors (7th Am. Ed. 1895) § 1287, it is said: "A further exception to the rule exists in the case of a legacy given to a child by a parent, or one in loco parentis, whether by way of portion or not; in which instance the court will give interest from the death, to create a provision for its maintenance." At Section 1201 it is also said: "The proper definition of a person in loco parentis to a child is, a person who means to put himself in the situation of the lawful father of the child, with reference to the father's office and duty of making a provision for the child..... Mothers, greatuncles, uncles, grandfathers or grandmothers, or putative fathers are not to be considered in loco parentum, unless they have intended to assume the office and duty of a parent."

In the present case there is nothing in the will to indicate any intention upon the part of Mrs. Todd to assume the duties of a parent to the child of her grandson.

When the will was made, the grandson was living, and the gift to his child or children was in remainder, after the expiration of the life estate given to him. Nor is there anything in the evidence to show that the child is destitute, or in need of the allowance, for its maintenance. We cannot, therefore, hold that the testatrix was in loco parentis to her great grandchild.

Another exception to the rule is where an annuity or the income of a fund for life is given, in which cases interest runs from the death of the testator: Eyre v. Golding, 5 Binn. 472; Hilyard's Est., 5 W. & S. 30; Flickwir's Est., 136 Pa. 374; Brown's Est., 190 Pa. 464. If Walter Holroyd Todd had survived his grandmother, undoubtedly he would have been entitled, under the above cases, to interest from the date of her death. But he did not survive her, and there is no gift of income to his children. The principal sum only is given to them. The daughter of the grandson is in the same position as though the legacy had been given to her without any estate precedent, and without any time fixed for payment. She was not, therefore, entitled to interest. The first and second assignments of error are sustained.

The remaining assignments of error question the liability of the estate to the payment of collateral inheritance tax upon certain legacies. At various times after her will was made the testatrix paid to various churches to which she had given legacies, with one exception, the amounts of such legacies, taking from them obligations or "annuity notes," by which they agreed to pay her interest on the amounts during the term of her natural life. She had also taken such obligations or notes from the churches to which she had previously made gifts enumerated in her will. She did the same with respect to a legacy to S. W. Haverstick. The auditor held that the entire amount of the gifts represented by these "annuity notes" was subject to collateral inheritance tax, and by the terms of the will was payable out of the balance of the estate. Exceptions were filed to this

ruling by the residuary legatee, and the court below sustained the exceptions as to the notes given before the will was made, but dismissed those relating to the notes given in payment of legacies contained in the will. The conclusions reached by the auditor in this respect were as follows:

12. "The testatrix advanced certain sums to churches and others receiving therefor notes which provided for the payment of income to her at the legal rate of interest (save the note of S. W. Haverstick which bears interest at the rate of 4 per cent.) during her life. The possession of the fund was transferred but the enjoyment thereof was reserved during life. Under such circumstances the fund is chargeable with collateral inheritance tax."

15. "The notes before us are in effect testamentary gifts though the fund passed upon the giving of the obligations in the lifetime of the decedent."

16. "In the will itself they are considered in the light of testamentary gifts as is evidenced by frequent references to these various transfers."

Upon the facts shown we think these conclusions are sound, and they are amply sustained by the authorities.

In Reish v. Com., 106 Pa. 521, the owner of property both real and personal conveyed it absolutely to his brother, taking a bond conditioned for the payment of the net income accruing from the property so conveyed. Upon the death of the grantor, the property was held to be subject to collateral inheritance tax. Mr. Justice CLARK said (p. 526): "The whole matter depends upon the single fact, whether or not the transfer was made or intended to take effect, in enjoyment at the death of the grantor. The policy of the law will not permit the owner of an estate, to defeat the plain provisions of the collateral inheritance law, by any device which secures to him for life, the income, profits and enjoyment thereof; it must be by such a conveyance as parts with the possession, the title, and the enjoyment in the

grantor's lifetime." This case was followed in Seibert's App., 110 Pa. 329 (331); DuBois's App., 121 Pa. 368 (387), and Lines' Est., 155 Pa. 378 (393). Under the provisions of the Act of May 6, 1887, P. L. 79, §1, where a deed or transfer is intended to take effect either in possession or enjoyment, after the grantor's death, the property conveyed is subject to the tax. When the right to income is retained during the life, the conveyance, as to enjoyment, does not take effect until the death of the grantor.

The effect of the scheme adopted in the present case was to give to the testatrix a life income from the legacy greater perhaps than could be derived from an ordinary investment; and the full enjoyment of the principal could be had by the legatees only after the death of the testatrix.

The position taken by the auditor, and affirmed by the court below, in awarding to the Commonwealth collateral inheritance tax on the legacies given with a reservation of interest thereon, during the life of the testatrix, was entirely correct.

No appeal has been taken from the action of the court below, reversing the award by the auditor of tax upon the gifts made by the testatrix before the date of the will, but intended to be testamentary. That question is not therefore before us. The assignments of error from the fourth to the eleventh inclusive, are dismissed.

The decree of the court below, except as herein modified by the disallowance of interest upon the legacy to Dr. George Edward Reed, in trust for Anne Wilson Todd, is affirmed.