## Keech's Estate.

*Wills—Construction—Legacies—Interest.*

1. The general rule is that if no time be limited in a will for the payment of legacies, interest runs thereon from a year after the testator's death.

2. Where, however, a legatee, is a minor child, incapable of supporting himself, interest will be allowed from the death, and where the testator has given a legacy in trust until the beneficiary attains a certain age, he makes such age the limit of incompetency. Until then he will not in the judgment of the testator be capable of prudent management of his bounty, and in such case interest will be allowed from the death.

3. Testator by will gave a legacy to each of three children, providing "they, however, to receive only the income of said one hundred thousand dollars each until they each arrive at the age of thirty years, when they are to be paid the principal, if then living," with a gift over in the event of the death of the children under certain circumstances, and further providing: "I direct my executors hereinafter named, to properly invest said sum of three hundred thousand dollars which I leave to my said three children, and to pay to them the income thereof till each child reaches the age of thirty years, if they should so long live." *Held,* interest should be allowed on the legacies from the death of the decedent.

Argued March 31, 1913. Appeal, No. 44, Oct. T., 1913, by Isabel Holmes Keech, residuary legatee and devisee, from decree of O. C., Allegheny Co., Sept. T., 1912, No. 134, dismissing exceptions to adjudication in Estate of William H. Keech, deceased. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. HAWKINS, P. J., filed the following opinion:

The question involved in this case is whether or not interest runs on legacies given testator's children. So much of the will as relates to this matter follows:

"Fifth.—I give and bequeath to each one of my three

children, the sum of one hundred thousand dollars, that is to say, one hundred thousand dollars to Theodore David Keech, and a like sum of one hundred thousand dollars to Bessie Irene Keech, and the same amount, or one hundred thousand dollars, to Willis Howard Keech, they, however, to receive only the income of said one hundred thousand dollars each until they each arrive at the age of thirty years, when they are to be paid the principal, if then living. If any one or more of my said three children should die before reaching the age of thirty years, unmarried, or without issue or children even if married, the share or the legacy of the child or children dying before the age of thirty years, unmarried, or without issue if married, shall go into my residuary estate. I direct my executors hereinafter named, to properly invest said sum of three hundred thousand dollars which I leave to my said three children, and to pay to them the income thereof till each child reaches the age of thirty years, if they should so long live."

Mr. Keech had been divorced and these children sympathizing with their mother went with her and were supported by her. The will was made in November, 1909, and testator died in 1911. The children were all over twenty-one and under thirty when their father died, and two of them are still under thirty.

The general rule is conceded that if no time be limited for the payment of legacies, interest runs thereon from a year after testator's death. What shall constitute a limitation is a question of testamentary intent; and certain exceptions have accordingly arisen which are as firmly established as the statutory rule itself: Flickwir's Est., 136 Pa. 374. An exception of common application is that where the legatee is a minor child of testator, incapable of supporting himself and for whom no special provision is made for maintenance, interest will be allowed on the legacy even though not payable until a future time, as upon the legatee's attaining full

age; and the reason of this exception lies in the father's natural obligation to maintain "the helpless being whom he had contributed to bring into the world," until he could maintain himself: Cooper v. Scott, 62 Pa. 139; Jacoby's Est., 204 Pa. 188. What shall constitute minority must depend on circumstances. The ordinary rule limits it to twenty-one years; but a rule is well settled that where the law of foreign domicile of a distributee limits it to eighteen, that will control here: Huey's Est., 1 Grant (Pa.) 51. So where a testator gives a legacy in trust until the beneficiary attains twenty-five, he makes this the limit of incompetency: Milroy v. Milroy, 14 Sim. 48, 55. Until then they will not, in testator's judgment, be capable of prudent management of his bounty. The creation of a trust implies incompetency in the cestuis que trustent. So far as appears here the facts are not in conflict with testator's judgment. The admission that since the divorce the children have been supported by their mother is corroboratory. It has been suggested that the fact of the mother's support negatives any dependency on the father. But the mother's support was voluntary. The father's was the primary liability, and the provision made in his will for these children is his recognition of the fact and the need. The relation of dependency established, the running of interest from testator's death follows. The case of Jacoby's Est., 204 Pa. 188, is in point. The bequest was in trust to manage the estate and pay the net income to Mrs. Downs for the education of her children during their minority and then to turn over the principal to them; whereupon the court held them entitled to interest from testator's death. The need of maintenance presumptively began then; and this explains testator's purpose. The direction to invest was said in Eichelberger's Est., 170 Pa. 242, 249, to have nothing to do with the question of postponing the time when the interest begins to run. There may be available securities which will answer the direction, or if not, suit-

able investments may readily be found.   In any event the estate is liable on the death.

Treating the provision made by the testator for his children as an annuity, the same conclusion follows. The gift here is of net annual income, but the rule is well established that there is no difference between the legal effect of income and annuity in respect of the running of interest.   It is text book law that an annuity may be for years : Roper on Wills, 1480, and it therefore embraces the provision made for these children.   Being then an annuity, the case falls within this exception to the statutory rule.   It is well settled that an annuity commences from testator's death : Flickwir's Est., 136 Pa. 374, and having been the form of gift chosen by this testator was an expression of intent that interest should run from his death.

*Error assigned* was the decree of the court dismissing exceptions.

*Frank C. McGirr,* of *Marron & McGirr,* for appellant. —Interest is only allowed from death where the children are minors: Jacoby's App., 204 Pa. 188; Cooper v. Scott, 62 Pa. 139; Todd's Est., 237 Pa. 466.

The bequests were not annuities: Horton v. Cook, 10 Watts 124; Pearson v. Chase, 10 R. I. 456; Townsend's App., 106 Pa. 268; Robinson's Est., 35 Pa. Superior Ct. 192; Cooper v. Scott, 62 Pa. 139; Eyre v. Golding, 5 Binn. 472; Eichelberger's Est., 7 Pa. Superior Ct. 401.

Testator's intention as gathered from his will, and the circumstances of the children's position towards him as shown by the testimony, negatives the claim of interest from death : Cooper v. Scott, 62 Pa. 139.

*John D. Brown,* with him *John E. Winner,* for appellee.—Where a legacy is given by a testator to his child or to one towards whom he stands in loco parentis, interest will be allowed from the death of testator: Bow-

man's App., 34 Pa. 19; Cooper v. Scott, 62 Pa. 139; Townsend's App., 106 Pa. 268; Yost's Est., 134 Pa. 426; Flickwir's Est., 136 Pa. 374; Jacoby's Est., 204 Pa. 188; Robinson's Est., 35 Pa. Superior Ct. 192.

PER CURIAM, April 28, 1913:

The decree is affirmed on the opinion of the learned president judge of the Orphans' Court.