## Mishler's Estate.

*Stevens & Lee* and *Ralph C. Body*, for appellants.

*Paul D. Edelman*, contra.

MARX, P. J., October 4, 1930.—The matter comes before us on appeal from the action of the register of wills in appraising for transfer inheritance tax purposes assets alleged to have been liable at the death of the decedent. From the petition and answer filed we find the following facts:

1. On or about January 3, 1925, John D. Mishler, the decedent, paid The Reading Trust Company, of Reading, Pennsylvania, the sum of $12,500, and there was executed and delivered between them the following agreement:

"Articles of Agreement made and entered into this Third day of January A. D. 1925 by and between The Reading Trust Company, of Reading, Pa., of the one part, and John D. Mishler, of the same place, of the other part.

"For and in consideration of the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars in hand this day paid by the said John D. Mishler unto the said The Reading Trust Company, the receipt whereof is hereby acknowledged, the said The Reading Trust Company does hereby covenant, promise and agree to pay unto the said John D. Mishler, or as hereinafter set forth, the sum of Seven Hundred Fifty ($750.00) Dollars, without deduction of any kind, for commission, taxes or otherwise howsoever, on the first day of December A. D. 1925, and semi-annually thereafter on the first days of June and December of each year until and including the first day of June, A. D. 1935, a total of Fifteen Thousand ($15,000.00) Dollars; provided, however, that if the said John D. Mishler shall die at any time during the hereinbefore specified term, then after the death of the said John D. Mishler said semi-annual payments shall be paid in equal shares unto the children of the said John D. Mishler to wit: Reba M. Hillegass, Maude V. Bell, and J. Boyd Mishler, and in case of the death of any of said children then in equal shares to the survivors or survivor of them, until the full aggregate amount of Fifteen Thousand ($15,000.00) Dollars shall have been paid. In no event shall the said The Reading Trust Company be liable for the payment of any amount in excess of Fifteen Thousand ($15,000.00) Dollars."

2. On or about August 31, 1925, said John D. Mishler, the decedent, delivered and set over to The Reading Trust Company the sum of $50,000, and contemporaneously executed and delivered the written instrument following, to wit:

"Know all men by these presents, that I, John D. Mishler, of the City of Reading, Berks County, Pennsylvania, have this day delivered and set-over and by these presents do deliver and set-over to the Reading Trust Company,

of the same place, the sum of Fifty Thousand Dollars ($50,000.00) in cash, in trust to invest and keep invested the same in good and legal trust securities and to pay semi-annually to me or upon my written order the net income therefrom arising during the term of my natural life.

"And in further trust, in case of my death, to pay the net income from the sum of Twenty Thousand ($20,000.00) of the aforesaid principal sum unto my daughter, Reba M. Hillegass, semi-annually, for and during the term of her natural life; and the net income from Twenty Thousand Dollars ($20,000.00) of the aforesaid principal sum unto my daughter, Maude V. Bell, semi-annually, for and during the term of her natural life; and the net income from the remaining Ten Thousand Dollars ($10,000.00) unto my son, J. Boyd Mishler, semi-annually, for and during the term of his natural life, and upon the death of anyone of my said children the income from her or his portion of the principal sum shall be paid equally to my surviving children and so on until the death of the last one of my children, whereupon the principal shall be paid in equal portions to my grand-children who are then living and to the heirs of such of my grand-children as may be dead. The child or children of the deceased grand-children representing its parent."

3. On or about September 1, 1925, John D. Mishler, the decedent, paid The Reading Trust Company the sum of $12,500, and there was contemporaneously executed and delivered between them the agreement following, to wit:

"Articles of Agreement made and entered into this 1st day of September, 1925, by and between The Reading Trust Company, of Reading, Pa., of the one part, and John D. Mishler, of the same place, of the other part:

"For and in consideration of the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars in hand this day paid by the said John D. Mishler unto the said The Reading Trust Company, the receipt whereof is hereby acknowledged, the said The Reading Trust Company does hereby covenant, promise and agree to pay unto the said John D. Mishler, or as hereinafter set forth, the sum of Seven Hundred Fifty ($750.00) Dollars, without deduction of any kind, for commission, taxes or otherwise howsoever, on the first day of March, A. D. 1926, and semi-annually thereafter on the first days of March and September of each year until and including the first day of September A. D. 1935, a total of Fifteen Thousand ($15,000.00) dollars; provided, however, that if the said John D. Mishler shall die at any time during the hereinbefore specified term, then after the death of the said John D. Mishler said semi-annual payments shall be paid in equal shares unto the children of the said John D. Mishler, to wit: Reba M. Hillegass, Maude V. Bell and J. Boyd Mishler, and in case of the death of any of said children then in equal shares to the survivors or survivor of them, until the full aggregate amount of Fifteen Thousand ($15,000.00) Dollars shall have been paid. In no event shall the said The Reading Trust Company be liable for the payment of any amount in excess of Fifteen Thousand ($15,000.00) Dollars."

4. John D. Mishler, the decedent, died on May 13, 1929, leaving to survive him the following children, to wit: Reba M. Hillegass, Maude V. Bell and J. Boyd Mishler.

5. On September 26, 1929, the register of wills filed an appraisement in the estate of said John D. Mishler, deceased, for transfer inheritance tax purposes, the assets thus inventoried and appraised aggregating the sum of $79,848.17.

6. Included in the aggregate of $79,848.17 were the appraised values of the estates created under the instruments scheduled in our findings 1, 2 and 3. The appraised value of these estates was $69,645.82.

We are here asked to say that because the transfers were completed by the grantor, in his lifetime, without right of revocation, and possession had actually passed to the grantee, trustee for these appellants, the transfers were not subject to tax under the Act of June 20, 1919, P. L. 521. Appellants seek the amendment of the transfer inheritance tax appraisement here filed, by removal therefrom of the appraised value of the estates transferred, $69,645.82.

Since 1826 the laws of this Commonwealth have imposed tax liability upon all gifts or grants to collaterals, "made, or intended to take effect, in possession or enjoyment, after the death of the grantor." The quotation is from section one of the Act of April 7, 1826. It is found in the succeeding Act of May 6, 1887, P. L. 79, section 1, and in the Act of July 11, 1917, P. L. 832, section 1, the latter statute imposing such liability also upon, *inter alia*, descendants of the grantor, to which class the appellants belong. The Act of June 20, 1919, P. L. 521, section 1 (c), substantially reënacts this provision.

We are not now concerned with the completion of the transfer or delivery of the corpus or funds. The dispute rests upon the fact that, under the transfers, the grantor reserved and received the benefits of the estates during his life, and that, although the transfers had been completed, they were intended, as to the beneficial transferees, these appellants, to take effect in possession or enjoyment after the death of the grantor.

The quoted portion of the Act of 1826, *supra*, came before the courts, for application, in the case of Reish, Admin'r, *v*. Com., 106 Pa. 521. Decedent had conveyed his property in fee and had delivered possession. Simultaneously, the grantee executed a bond conditioned for the faithful payment of the net income of the property conveyed, to the grantor, his executor, administrators or assigns. The property conveyed was held liable for the tax assessed. Upon appeal, the Supreme Court, by Justice Clark, said (p. 525):

"The deed and the bond were contemporaneous, the execution and delivery of both constituted a single transaction; the deed was absolute, it contained no condition, it was without reservation; but the bond, although in the form of a mere personal obligation, was in effect, we think, . . . a postponement of the time of enjoyment, a reservation of the income and profits of the property, during the lifetime of the grantor. All property is subject to the tax which, in the language of the statute, is transferred by deed, &c., *made or intended to take effect* in possession, *or enjoyment* after the death of the grantor. The commonwealth's right to collateral inheritance tax is, therefore, not defeated by a conveyance of the title, nor by possession taken under it, if the enjoyment is intended to take effect at the death of the grantor."

In Lines's Estate, 155 Pa. 378, the grantor transferred bonds and stocks to a trustee. He reserved the enjoyment thereof to himself during his life. Subject to that use, he made them the property of William E. Lines and others. Although the conveyance was complete and possession of the property had been delivered, enjoyment of the property was not intended to take effect until the death of the grantor. The Commonwealth was held to be entitled to the tax. Reference is there made (p. 393) to grantor's reserved right to revoke. That, however, did not affect the decision. Its presence in a deed does not alter the character of the instrument or estate granted; to all intents and purposes, title and possession pass just as effectively as any deed or grant could make it, continuing in that state so long as the power of revocation lies dormant: Dolan's Estate, 279 Pa. 582, 589; Houston's Estate, 276 Pa. 330.

In Todd's Estate (No. 2), 237 Pa. 466, testatrix bequeathed certain legacies. Thereafter she paid to the legatees the principal sums of the legacies, taking from them obligations to pay her interest on the same during her natural life. The estates thus conveyed were held to be subject to enjoyment by the grantees at the death of the grantor, and, consequently, subject to inheritance tax.

In Housekeeper's Estate, 10 D. & C. 494, the employees of a corporation paid to a trustee a portion of their wages under a plan by which the trustee invested the fund and paid to each contributing employee the income from his contribution during life, and the principal of his contributions, at his death, to the beneficiary named in his certificate of membership, or to his estate. Applying the provisions of the Act of June 20, 1919, the court held that, the employee retaining beneficial ownership during his life and postponing enjoyment of the principal to his death, the principal became subject, at his death, to the inheritance transfer tax imposed by that act.

The instruments scheduled in our first and third findings of fact are practically identical. Under each, the grantor delivered to the trustee $12,500. The trust company agreed to pay the sum of $750 on December 1, 1925, and like sums semi-annually thereafter on June 1st and December 1st, until June 1, 1935, to the grantor; "provided, however, that if the said John D. Mishler shall die at any time during the hereinbefore specified time, then after the death of the said John D. Mishler said semi-annual payments shall be paid in equal shares unto the children of the said John D. Mishler," these appellants, and Maude V. Bell. The agreements, in each case, limited the total liability of payments to the aggregate sum of $15,000. Under these agreements payments were made to the decedent during the period preceding his death. The value of the unpaid balance or instalments was included in this appraisement. Clearly, the appellants, Reba M. Hillegass and J. Boyd Mishler, and Maude V. Bell had no interest in enjoyment in the estate under these agreements prior to or until the death of John D. Mishler.

Under the instrument scheduled in our second finding of fact the decedent established a trust in the sum of $50,000. He imposed upon the trustee the duty to invest and "to pay semi-annually to me [John D. Mishler] or upon my written order the net income therefrom arising during the term of my natural life." Declarant imposes a further trust in these words: "In case of my death, to pay the net income from the sum of Twenty Thousand Dollars ($20,000.00) of the aforesaid principal sum unto my daughter, Reba M. Hillegass, semi-annually, for and during the term of her natural life; and the net income from Twenty Thousand Dollars ($20,000.00) of the aforesaid principal sum unto my daughter, Maude V. Bell, semi-annually, for and during the term of her natural life; and the net income from the remaining Ten Thousand Dollars ($10,000.00) unto my son, J. Boyd Mishler, semi-annually, for and during the term of his natural life," with further provision for payment over upon the death of any one and all of said children. Under this declaration of trust the decedent clearly reserved to himself the benefit of the fund during his life and no benefits in enjoyment came to his three children until his death.

The Act of 1919 applies and renders the estates transferred to appellants and Maude V. Bell, under the recited instruments, subject to inheritance transfer tax.

## Conclusion.

Our conclusion is that the Commonwealth is entitled to tax upon the assets appraised and the appeal is accordingly dismissed at the costs of the appellants. From Charles K. Derr, Reading, Pa.