*Decision will be entered under Rule 50.*

MINNIE L. WOLF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74670.    Promulgated July 17, 1935.

*D. Benjamin Kresch, Esq.*, for the petitioner.
*Dean P. Kimball, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $2,560.17 in petitioner's individual income tax for 1931. The facts are stipulated and special findings are therefore not necessary.

Petitioner's husband died February 16, 1931, leaving a will containing several bequests to his wife, to his children, and to others, and leaving his residuary estate in trust, the income thereof payable to his wife for life. Among the bequests was one of $600,000 to the petitioner. The will contained no provision in respect of interest upon this legacy. On September 9, 1931, the executors made a report to the Orphans' Court headed "First and Final Account" showing income of the estate after death and to the said date of $20,974.10. On November 2, 1931, said First and Final Account of the executors was called for audit before Lamorelle, P. J., and in his adjudication dated November 17, 1931, appears the following:

The balance, income, $20,974.10, with any additional collections and interest, if any, on deposits, is awarded as follows: to the widow and four children, interest at six per cent on their respective pecuniary legacies from the date of death of testator to the time of payment, and likewise to the children on their pecuniary legacy of $400,000 which is given in trust; and the balance, (if any), to the widow. Payment is so ordered. The income as shown in the account and as above awarded (excluding collections since the filing of the account, the amount of which is unknown to the Auditing Judge) is insufficient to pay in full the interest on the legacies. The Act of Assembly (Sec. 21 of the Fiduciaries' Act of 1917) provides for the payment of such interest, and any deficiency will have to be made up out of corpus, unless the parties in interest so entitled to the interest waive their rights thereto, all of which may be affirmatively shown in the schedule of distribution hereinafter ordered.

The Court further directed that counsel prepare a schedule of distribution. Such schedule was filed and showed that subsequent to this report additional income was received bringing the total amount thereof to $46,718.13. In the schedule appears the following:

Balance for Distribution_____ $46,718.13
Of which there is awarded—

    To Minnie L. Wolf, interest on legacy of $600,000 to Dec. 9, 1931_ 29,300.00
    *     *     *     *     *     *     *

To this schedule is appended the signed approval of the specific legatees and devisees, containing the statement:

We further approve the computation of interest due to us on our specific legacies, and under the trusts in which we are interested, and waive our right to the payment of any additional interest to which we may be entitled under the Acts of Assembly in so far as the above Schedule of Distribution is concerned.

This was approved by the Orphans' Court.

It is stipulated that the $46,718.13 consisted of taxable income of $40,190.87 and nontaxable income of $6,527.26, and that during the same period a loss of $5,136.12 was sustained on the sale of certain securities. It is also stipulated that Pennsylvania inheritance taxes of $37,535.45 were paid on November 24, 1931.

The petitioner's income tax return is not in evidence, but it is stipulated that she included therein no part of the $29,300 above described as a distribution to her of interest on her legacy. The Com-

missioner determined that her income should have included $25,-206.25, which was the proportion of the $29,300 which the amount of taxable income of the estate, $40,190.87, bore to the total of $46,718.13.

The petitioner urges that no part of the $29,300 is properly within her taxable income, and in support of this view she argues two points—first, that, since the income of the estate was otherwise used, it can not be regarded as having been distributed to her, and that the $29,300 was in fact received by her otherwise than out of income of the estate; and, second, that in view of the Pennsylvania Fiduciaries' Act of 1917, section 21,[1] the amount must be regarded not as interest, as it is called for all other purposes, but as a bequest or as maintenance by court order. The Revenue Act of 1928, section 22 (b) (3), provides, among the exclusions from gross income, " the value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)."

It is first suggested by the petitioner that the taxable income of the estate ($40,190.87), reduced by the loss on security sales ($5,136.12), leaving $35,054.75, must be regarded as exhausted by the payment of inheritance taxes of $37,535.45. This, however, is contrary to the fact that the income of the estate was used in actual distribution to the several legatees enumerated in the schedule by way of interest upon their legacies, and there is no rule of law which requires that this fact shall be disregarded and the payment of the inheritance tax legally presumed to be made from the income acquired after the taxpayer's death. As to Federal estate taxes, the decisions are to the contrary. *Walter S. Gurnee et al., Executors*, 13 B. T. A. 262; *Everett J. Esselstyn, Executor*, 26 B. T. A. 181; affirmed *per curiam*, 65 Fed. (2d) 1015; certiorari denied, 290 U. S. 678; *Agnes Sitterding*, 32 B. T. A. 506; cf. *Jackson* v. *Price*, 74 Fed. (2d) 707.

Petitioner cites *Freuler* v. *Helvering*, 291 U. S. 35, but that decision lends no support to the contention. There it was held that an amount distributed to the beneficiary in excess of that properly distributable to her did not constitute taxable income to her under the provision of the statute which limited the tax upon income distributable and therefore excluded from the measure of the tax an amount held to have been improperly distributed. Here there is no question

---

[1] Legacies, if no time be limited by the will for the payment thereof, shall, in all cases, be deemed to be due and payable at the expiration of six months from the death of the testator. Interest on all pecuniary legacies, whether bequeathed directly or in trust, shall, unless a contrary intention appear by the will, begin to run from the expiration of one year from the death of the testator; except that, if the account of the executor be filed and confirmed and distribution awarded before the end of such year, then interest on such legacies shall run from the date of the award; Provided, that where a pecuniary legacy is bequeathed to or for the use of the widow of the testator or any child or descendant of the testator, or any person toward whom the testator, in his lifetime stood in loco parentis, or for the maintenance of any person, interest shall, unless a contrary intention appear by the will, begin to run from the date of the death of the testator.

about the propriety of the distribution, but only a question as to its character.

We are thus brought to the petitioner's second point, that the character of the $29,300 is not that of income, despite the fact that it was distributed to her as interest and was derived from the income of the estate. It was clearly not a part of the petitioner's specific legacy of $600,000, or even of the life income upon the residuary estate. The latter is, of course, taxable in accordance with *Irwin* v. *Gavit*, 268 U. S. 161. The $29,300 was only received by her as derivative from the specific legacy of $600,000, and it would seem to be squarely within the parenthetical clause of section 22 (b) (3)—income from property acquired by bequest.

But the petitioner insists that the $29,300 can not be called interest, but is rather itself a bequest for her maintenance and support, or else an amount paid by court order for her maintenance and support, and is therefore not income. This argument is rested upon several decisions of the courts of Pennsylvania,[2] culminating in *Vogt's Estate*, 297 Pa. 92; 146 Atl. 451 (1929), expounding the theory upon which such interest is allowable.

There is, in these cases, a clear recognition of the concept under both the Fiduciaries' Act of 1917 and the earlier acts based upon the common law that the amount provided by law is interest.[3] It is true that in all of such cases the underlying purpose of the provision for interest was considered in determining whether it was at all allowable, or its amount, or the period for its computation, and that in cases involving a parental relation of the testator to the legatee the purpose of the interest was said to be to provide the maintenance which by a legal presumption was regarded as the intention of the testator. But such expressions amount only to justifications for the allowance of interest, and do not serve to stamp it as anything else. This would seem to be just as true whether the interest is allowed by virtue of section 21 of the Fiduciaries' Act or by virtue of an express provision in the will. In either event it is income from the bequest, and by the Federal statute expressly made taxable.

The petitioner cites *Burnet* v. *Whitehouse*, 283 U. S. 148, in which the Supreme Court held that a testamentary annuity payable at all events, whether out of income or corpus, was not taxable as income. From this the petitioner argues that since likewise the $29,300 was payable without regard to the income of the estate, it may not be called income. Assuming it to be true that the present interest was payable if necessary out of corpus, it is still, unlike an annuity, no

---

[2] *Townsend's Appeal*, 106 Pa. 268; *Koons' and Wright's Appeal*, 113 Pa. St. 621; 6 Atl. 377; *Phillips' Estate*, 133 Pa. St. 426; 19 Atl. 404; *Todd's Estate*, 237 Pa. 466; 85 Atl. 845; *Keech's Estate*, 240 Pa. 491; 87 Atl. 623.

[3] This characterization in Pennsylvania is in harmony with that generally applied. See 69 Corpus Juris, "Willis" sec. 2640 et seq.

part of the legacy, but income derived from the legacy. Once the proposition is accepted that the amount is interest and received by the petitioner as such, it matters not what the source of the interest is; and, just as in the *Whitehouse* case it was said that annuities are tax free irrespective of the adventitious fact that they may in one year be paid from income and in another year from corpus, so interest is taxable irrespective of whether it be paid from income or corpus. See also *Buck* v. *McLaughlin*, 48 Fed. (2d) 135, as to the family allowance paid to a widow under California law.

The Commissioner correctly included the $25,206.25 in the petitioner's gross income for 1931.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

.TRAMMELL dissents.

———

LEECH, dissenting: The majority opinion is premised upon two positions. These are: (1) The disputed payment was received by petitioner as "interest" and was, therefore, taxable as such, within section 22 (a) of the Revenue Act of 1928, and, (2) if not received as "interest", in any event, it was received as income from a bequest and taxable under section 22 (b) (3) of the same act.

In my opinion, neither position is sound.

(1) "Interest" can not be made such by mere designation. *Johnson Locke Mercantile Co.* v. *Burnet*, 51 Fed. (2d) 434. The term has a well recognized meaning in the law. That meaning is the compensation which is paid by the borrower of money to the lender for its use, or by a debtor to his creditor for the detention of a debt. *Old Colony Railroad Co.* v. *Commissioner*, 284 U. S. 552; *Fall River Electric Light Co.*, 23 B. T. A. 168. The payment here in question does not come within such meaning. The specific bequest of $600,000, upon which the payment in controversy was computed, was not payable until one year after the testator's death. There was no liability for, nor obligation to pay that sum, itself, during that year. The relationship of debtor and creditor between the estate and petitioner did not, therefore, arise until the expiration of that statutory period of administration. Since the present payment was made before the close of that period, that relationship never existed here. The estate did not detain or use petitioner's funds. Thus, the payment here was not compensation for such use or detention. Though computed as interest, it was an additional charge placed by the testator upon his estate by making a bequest to his widow without a limitation denying her the additional sum. Because the testator refrained from limiting the bequest of $600,000, there arose a statutory conclusive presumption that petitioner's husband, the

testator, by his will, intended that the petitioner receive the additional amount paid to her, as a bequest. Fiduciaries' Act of 1917, section 21, quoted in the majority opinion; *Todd's Estate*, 237 Pa. 466; 85 Atl. 845; *Townsend's Appeal*, 106 Pa. 268; *Vogt's Estate*, 297 Pa. 92; 146 Atl. 451.

The construction of Pennsylvania statutes by the Pennsylvania Supreme Court is controlling here, despite what may have been the action by the courts of any or all of the other states upon similar statutes. *Hartford Fire Insurance Co.* v. *Chicago, Milwaukee & St. Paul Railway Co.*, 175 U. S. 91; *Sioux City Terminal Railroad & Warehouse Co.* v. *Trust Co. of North America*, 173 U. S. 99.

The Supreme Court of Pennsylvania, in the case of *Todd's Estate, supra*, where the character of such a payment was directly involved under a provision of the Pennsylvania Act of February 24, 1934, P. L. 70, similar to the presently controlling section of the Pennsylvania Fiduciaries' Act of 1917, *supra*, said that such a payment was made " not as interest but as maintenance." See also *Townsend's Appeal, supra*. This judicial characterization applies with equal force to the present payment, though made under the Fiduciaries' Act of 1917. *Vogt's Estate, supra*. Thus, the disputed payment here was not received as interest but as maintenance.

(2) Since such payment was not " interest ", the second and novel position of the majority, apparently, is, that the mere vesting of a bequest produces taxable income.

The specific bequest, which is said by the majority to have earned the questioned payment as income, was used, under the controlling Pennsylvania statute, merely to designate the legatee or payee, and to measure the additional bequest or statutory allowance for maintenance to be paid that person. It was payable from corpus or income of the estate, not only by the court order directing its payment, but by the controlling Pennsylvania statute. *Vogt's Estate, supra*. It was payable whether the $600,000 specific bequest earned anything or not. In my judgment, it can no more be said that the payment here contested was taxable income, than that the specific bequest of $600,000 was such.

This present payment was for the maintenance of petitioner, decedent's widow. It rested entirely upon the testator's relationship to her. *Vogt's Estate, supra*.

In my opinion, the $29,300, the subject of this discussion, was received by petitioner either in the nature of a bequest for maintenance, payable from corpus or income of the estate, and was, therefore, not subject to income tax (*Burnet* v. *Whitehouse*, 283 U. S. 148), or, as a statutory allowance for maintenance, and so exempt from such tax. *Buck* v. *McLaughlin*, 48 Fed. (2d) 135.

McMahon agrees with this dissent.