## Bolton Estate

*J. Harry Wagner, Jr.*, for accountants.

TAXIS, P. J., July 7, 1955.—. . . By the fourth item of her will testatrix gave, devised, and bequeathed the residue of her estate:

". . . unto my nieces and nephews either adopted or natural born, who are the grandchildren of my father, Henry Busse, in equal parts, share and share alike, provided, however, that the issue of any deceased niece or nephew shall take by representation the share of their parent per stirpes and not per capita."

The question is submitted in the petition for adjudication whether Joanne Helen Busse is to be considered, for the purposes of the will, an adopted daughter of Herman E. Busse, a brother of testatrix, and, therefore, one of the nephews and nieces to share in the estate. The petition for adjudication avers that Joanne Helen Busse was reputed to be the adopted daughter of Herman E. Busse and was considered as such by testatrix; that, however, Herman E. Busse, the reputed adoptive father, has stated that no adoption papers were ever filed but that Joanne Helen's name was legally changed to Busse, he being under the impression that the legal change of name would answer the same purpose as a legal adoption. The order for change of name was entered on April 21, 1947, by the Supreme Court of the State of New York, in and for the County of Kings, and a certified copy thereof was submitted at the audit.

Inasmuch as Joanne Helen Busse is not a legally adopted child of Herman E. Busse, she does not satisfy the requirement imposed by the will which would permit her to take a share in the estate, and she does not participate in the distribution.

Katha Busse, one of the eight children of Walter G. Busse, a brother of testatrix, was born on October 7, 1936, and has, therefore, passed her eighteenth birthday. She lives with her father at 1420 Greenwood Avenue, Deerfield, Ill. It has been represented by counsel for the accountants that, under the law of the State of Illinois, a female reaches her majority at the age of 18, and the accountant, accordingly, requests that the distributive share of Katha Busse be awarded to her directly rather than to require the appointment of a guardian.

A minor child has the same domicile as that of its father: A. L. I. Restatement of the Law of Conflict of Laws §30 (1934).

"What shall constitute minority must depend on

circumstances. The ordinary rule limits it to twenty-one years; but a rule is well settled that where the law of foreign domicile of a distributee limits it to eighteen, that will control here": Keech's Est., 240 Pa. 491; Wooten's Est., 26 Dist. R. 734; Barroll Est. (O. C. of Montgomery County, no. 51444). Under this ample authority, the distributive share in this distribution of Katha Busse is awarded directly to her.