# Appeal of Seibert et al., Executors.

1. A transfer of property, which is to take effect at the death of the grantor, does not release the same from the collateral inheritance tax under the Act of April 7th, 1826

2. A testator by his will bequeathed his property to certain collateral relatives and for religious and charitable purposes; subsequently he transferred all his property, by deed duly acknowledged, to the persons named as executors in his will, they to receive the income of the same to their own proper use during the life of the testator and at his death to hold the same for the uses and purposes set forth in his said will:

*Held*, That the estate was liable for collateral inheritance tax. The deed did not change the time of payment and was an evident attempt to evade the collateral inheritance tax.

May 28th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

APPEAL from the Orphans' Court of *Blair county:* Of July Term 1885, No. 19.

Appeal of George M. Seibert and John Bradley, executors of the last will of Rev. James Bradley, deceased, from a decree of said court charging the estate of said James Bradley with collateral inheritance tax.

The facts were as follows: James Bradley, a catholic priest at Newry, Pa., executed his last will on December 1st, 1881, in which he bequeathed the greater part of his estate, consisting of bonds, stocks, etc., to certain of his collateral relatives and for religious and charitable purposes. Of this will he appointed John Bradley and George M. Seibert executors.

On August 14th, 1882, the testator executed a deed to John Bradley and George M. Seibert reciting that he had his will deposited in the First National Bank of Hollidaysburg, wherein John Bradley and George M. Seibert were named as the executors, that he held securities amounting to $49,400, deposited with the Fidelity Insurance Trust and Safe Deposit Company of Philadelphia, for which he held receipt No. 20,192. That he also held thirteen bonds of Blair county, amounting to $2,900, together with other property, and in order to relieve himself of all worldly cares and anxieties, so far as possible, and in consideration of one dollar, he granted and assigned all of said securities, and other property, to them, for their own use and benefit, during his life, they to receive to their own use the income, to be equally divided between them, and, at his death, to hold the same "for the uses and purposes of his will then deposited in the First National Bank of Hollidays-

burg, they to apply the same, after deducting any expenses of the trust, to the legacies therein mentioned."

John Bradley and Seibert took possession of this property under this deed, which was duly acknowledged, and received the income therefrom to their own use until the death of James Bradley, which took place on April 13th, 1883.

This will, after a citation issued, was duly admitted to probate on November 10th, 1883, and letters testamentary were issued to the executors named.

On November 19th, 1883, the Register of Wills appointed an appraiser to value the estate so that it might be assessed for collateral inheritance. The appraiser made a return of personal property which he valued at $51,591.50; accompanied with his certificate that "the bonds, stocks, etc., in the foregoing appraisement are claimed by the executors, not under the will of the decedent, but under a deed made by testator, dated —— 1882, and that the said sums are not liable to a collateral inheritance tax."

The Register, on the assumption that the appraised property passed by the will, assessed the collateral inheritance tax as provided by law.

From this assessment the executors appealed to the Orphans' Court. The appeal was dismissed and a decree made ordering judgment to be entered in favor of the Commonwealth for $2,597.50. The executors thereupon took this appeal assigning for error the entering of this decree.

*Samuel S. Blair*, for appellants.—The legatees took as beneficiaries of the trust and not as legatees under the will: Com'th *v.* Williams, 1 Harris, 29; Kean's Will, 9 Dana, 25; 1 Redfield on Wills, 341; Clingan *v.* Mitcheltree, 7 Casey, 25.

*H. M. Baldrige (Martin Bell, Jr.*, with him), for the Commonwealth.—The appellants claim the estate is not liable to the tax because the testator did not die seised or possessed of the estate. That this is not necessary has been recently declared by this court in Reish *v.* The Commonwealth, 10 Out. 521. To the same effect is Wright's Appeal, 2 Wright, 507.

The opinion of the Court was filed October 5th, 1885.

PER CURIAM.—The intent of the testator is to be deduced from the language of his will. An examination thereof clearly leads to the conclusion that its main purpose was to prevent his property from liability to a collateral inheritance tax. The property which he sought to transfer was not to take effect in enjoyment until after his death. This clearly subjects the property to a collateral inheritance tax under Section 1 of the Act of

7th April, 1826. The deed executed by the testator on the 14th of August, 1882, did not change the time of enjoyment previously designated in his will. It expressly declared the vendees should hold the " property in trust for the uses and purposes set forth in the said will." The learned judge correctly entered judgment in favor of the Commonwealth, and the decreeing accordingly is right: Reish v. Commonwealth, 10 Out. 521.

Decree affirmed and appeal dismissed at the costs of the appellants.