In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of GEORGE A. BRANDRETH, Deceased.

ERASTUS C. KNIGHT, as Comptroller of the State of New York, Appellant; FRANCIS LARKIN, JR., et al., as Executors, etc., Respondents.

TRANSFER TAX — GIFT OF STOCK WITH RESERVATION OF DIVIDENDS AND RIGHT TO VOTE TAXABLE. A gift of corporate stock upon condition that all dividends declared upon it for the term of his life should be received by the owner and that he should have the right to vote upon it the same as though no transfer had been made, is a gift of a remainder in the stock after the death of the donor and is taxable under the Tax Law (L. 1896, ch. 908, § 220, sub. 3), as a transfer "intended to take effect in possession or enjoyment at or after such death."

*Matter of Brandreth*, 58 App. Div. 575, reversed.

(Argued January 7, 1902; decided January 28, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

March 8, 1901, which reversed a decree of the Westchester County Surrogate's Court affirming a decree which fixed the amount of a transfer tax to be imposed upon the estate of George A. Brandreth, deceased.

The facts, so far as material, are stated in the opinion.

*Joseph W. Middlebrook* for appellant. The reversal by the Appellate Division was upon the law and not upon the facts. (Code Civ. Pro. §§ 1338, 1361; *Bomeisler* v. *Forster*, 154 N. Y. 229; *People* v. *A. Ry. Co.*, 160 N. Y. 225; *Gannon* v. *McGuire*, 160 N. Y. 476; *Lannon* v. *Lynch*, 160 N. Y. 483; *Metcalf* v. *Moses*, 161 N. Y. 587; *Spellman* v. *Looschen*, 162 N. Y. 268; *Wetmore* v. *Wetmore*, 162 N. Y. 503; *Spence* v. *Ham*, 163 N. Y. 220; *N. H. Co.* v. *Bement*, 163 N. Y. 505; *Neuman* v. *N. Y. M. S. & L. Assn.*, 164 N. Y. 248.) The sole question is whether, upon the facts found by the appraiser and the surrogate, the transfers were taxable. (*Matter of Green*, 153 N. Y. 223.) The conclusion of law that the transfers were taxable is supported by the facts found. (*Matter of Green*, 153 N. Y. 223; *Matter of Bostwick*, 160 N. Y. 489.) The Appellate Division has no power to disturb the findings of fact. (*Arnstein* v. *Haulenbeek*, 16 Daly, 382; *Powell* v. *Lamb*, 15 Daly, 139; *Trisdale* v. *Murray*, 9 Daly, 446; *Gruel* v. *Yetter*, 27 Misc. Rep. 494; *Pollak* v. *M. S. Ry. Co.*, 29 Misc. Rep. 623; *Mahoney* v. *O'Neill*, 29 Misc. Rep. 619; *Van Leeuwen* v. *Fish*, 30 Misc. Rep. 419; *Langer* v. *Gross*, 31 Misc. Rep. 266; *Leber* v. *Stores*, 31 Misc. Rep. 474; *Fowler* v. *Marcus*, 41 App. Div. 425.)

*Adrian H. Joline* and *Francis Larkin* for respondents. The Appellate Division correctly held that the eleven shares of the capital stock of the Porous Plaster Company which were transferred to the decedent's daughters on January 3, 1893, and by them transferred by the trust agreement, were not subject to taxation under the Transfer Tax Law. (L. 1892, ch. 399, § 220; *Matter of Crary*, 31 Misc. Rep. 72; 1 Cook on Corp. 39; *Plimpton* v. *Bigelow*, 93 N. Y. 592; *Gibbons*

v. *Mahon*, 136 U. S. 549 ; *Fisher* v. *Essex Bank*, 71 Mass. 373 ; 2 Cook on Corp. 987 ; *M., etc., R. R. Co.* v. *Tennessee*, 153 U. S. 486 ; *Matter of Thorne*, 44 App. Div. 6.)

CULLEN, J. On January 2nd, 1893, George A. Brandreth (who died on November 15th, 1897) transferred to his four daughters eleven shares of the capital stock of the Porous Plaster Company, a domestic corporation, of the par value of $5,000 each. On the same day his daughters executed, acknowledged and delivered to said Brandreth an instrument which recited that Brandreth had transferred the stock " upon condition that he is to receive all dividends declared upon said stock for the term of his life, and also upon condition that he has the right to vote upon the stock the same as though no transfer had been made," and directed said company to allow said Brandreth to vote on the stock and also to pay him all dividends that might be declared thereon. It was provided : " This agreement is not to be revocable by any or all of us, but to continue in full force until the death of the said George A. Brandreth. And the death of any or all of us before the death of said George A. Brandreth is not to act as a revocation of this instrument, it being our intent and object to secure to him the dividends on said stock until his death, and also the right to vote on said stock. This agreement is to bind ourselves, our executors, administrators and assigns." On the 13th day of January, 1893, an agreement was made by all the stockholders of the company whereby they transferred the stock to three trustees to hold the same during two specified lives and to pay the dividends to the persons theretofore holding the stock or their successors in interest, and upon the termination of the trust to transfer the stock itself to such persons. The appraiser and the surrogate held that the stock so transferred by Brandreth to his children was subject to tax under the provisions of article 10 of the Tax Law. The Appellate Division by a divided court reached a contrary conclusion and reversed the decree of the surrogate in this respect.

The order of the Appellate Division does not recite that the reversal was on the facts and, therefore, it must be assumed that it was made solely on the law, the facts as found below being undisturbed provided there is any evidence to sustain them. (Code Civil Pro. § 1338; *Wetmore* v. *Wetmore,* 162 N. Y. 503; *Townsend* v. *Bell,* 167 N. Y. 462.) Both the appraiser and the surrogate found that the transfer was made in contemplation of death, and if that inference can be drawn from the evidence, the finding is conclusive upon us. We do not deem it necessary, however, to enter upon this inquiry, as in our opinion on the conceded facts, the transfer was subject to tax. The two instruments, the transfer of the stock to the daughters and the grant of the dividends and right to vote from the daughters to their father, being executed at the same time, must be construed together as a single agreement. (*Draper* v. *Snow,* 20 N. Y. 331; *Marsh* v. *Dodge,* 66 N. Y. 533; *Ewing* v. *Wightman,* 167 N. Y. 107.) The effect of these instruments was to transfer to the daughters the remainder in the stock after the donor's death, reserving to the latter an estate for his life. It is said by the learned Appellate Division that there is a difference between the stock itself and the dividends that may be declared upon it. This is doubtless true, but it is the same difference that exists between land and its rents and profits, or between a fund and its income. A devise of the rents and profits of land or a bequest of the income of a fund grants an estate in the land or the fund itself in fee or for life, depending on whether the gift of the income or rent is for life or without limitation. (*Jennings* v. *Conboy,* 73 N. Y. 230.) The only income stocks can produce is the dividend declared thereon and the reservation of the dividends for life is the reservation of an estate for life. A stockholder has no title to the earnings of a corporation before a dividend is declared. Until that time the earnings pass with the stock as an incident thereof, and when a dividend is declared it is a profit on the stock. (*Hyatt* v. *Allen,* 56 N. Y. 553; *Board-man* v. *Lake Shore & Mich. So. Ry. Co.,* 84 N. Y. 157.) The question in the case is, therefore, narrowed to this: Is a gift

of a remainder after the death of the donor, in real or personal property, taxable under the statute?

By subdivision 3, section 220 of the Tax Law, it is declared that a tax shall be imposed " when the transfer is of property made * * * in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." The section provides for two different cases; the first where the transfer is in contemplation of the death of the donor; the second, where it is intended to take effect in possession or enjoyment at or after such death. In the second case, it is not necessary that the transfer should be made in contemplation of death; the liability to taxation depends solely on the character of the interest or estate transferred. The terms " enjoyment" and "possession" are of familiar use in the law. They are constantly found in reports, in text books and in statutes. Their meaning is well known and defined. By the Revised Statutes (1 R. S. 722, §§ 7 to 11), "Estates, as respects the time of their enjoyment, are divided into estates in possession, and estates in expectancy. An estate in possession, is where the owner has an immediate right to the possession of the land. An estate in expectancy, is where the right to possession is postponed to a future period. Estates in expectancy, are divided into estates commencing at a future day, denominated future estates: * * * A future estate, is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate, created at the same time. * * * Where a future estate is dependent on a precedent estate, it may be termed a remainder, and may be created and transferred by that name." The distinction between estates in possession and estates in expectancy appears in all the text books, and Professor Washburn defines a remainder as an estate or interest " to take effect in possession or enjoyment immediately upon the determination of a prior estate." (2 Real Property, 223.) In this state a life estate and remain-

der can be created in a chattel or a fund the same as in real property. (*Smith* v. *Van Ostrand*, 64 N. Y. 278.) Though a remainder may vest in title at its creation, it cannot vest in possession until the determination of the prior estate. It makes no difference in this respect whether the remainder is vested indefeasibly or is contingent or subject to be divested. In the present case the prior estate is one for the life of the donor, and, therefore, the remainder transferred to his daughters falls exactly within the provision of the statute as a transfer to take effect in possession or enjoyment on the death of the donor. This is the doctrine of our previous decision on the subject. In *Matter of Green* (153 N. Y. 223) the donor transferred personal property in trust to apply the income to herself during life and upon her death to divide the same among her nieces, with provision for substitution in case of the death of any niece before the donor. It was held that the transfer was subject to the tax. Judge O'BRIEN there said : " It is not important to determine whether the trust instrument was made in contemplation of death, or whether, upon the delivery thereof, the remainders vested in the nieces in such a sense as to constitute a gift *inter vivos* within the meaning of the cases cited by the learned counsel for the respondent. It may be conceded that upon the delivery of the trust deed an interest in remainder vested in the nieces subject to open and let in the children of one who had died during the lifetime of the donor, according to the terms of the instrument. The real question is, whether the remainders which the nieces took under the deed were intended to ' *take effect, in possession or enjoyment,*' at or after the death of the donor." In the *Green* case the donor reserved the power to modify the terms of the trust with the consent of the trustee, while in the present case the remainder given the daughters was absolute, and not subject to be divested in any contingency whatever. But this difference does not affect the statutory liability to taxation, since in both cases the gift took effect in possession and enjoyment only on the death of the donor.

I have not referred to the details of the agreement by which the whole stock of the company was transferred to trustees, since we all think that the agreement created only a voting trust, and did not affect the rights of Mr. Brandreth and his daughters as between themselves. Further, the transfer became subject to taxation, if at all, when it was made, and no subsequent transfers made by the parties could relieve it from such liability.

The order of the Appellate Division should be reversed and that of the Surrogate's Court affirmed, with costs in all the courts.

PARKER, Ch. J., O'BRIEN and BARTLETT, JJ., concur; GRAY, HAIGHT and WERNER, JJ., dissent.

Order reversed, etc.