In the Matter of the Appraisal of the Estate of DANIEL A. BUL-
LARD, Deceased, under the Law Relating to Taxable Tranfers of
Property.

NATHAN L. MILLER, Comptroller of the State of New York, Appel-
lant; DANIEL A. BULLARD, 2D, and CHARLES E. BRISBIN, Indi-
vidually and as Executors, etc., of DANIEL A. BULLARD, Deceased,
and Others, Respondents.

*Transfer tax — what assignment of stock to a daughter and grandchildren three
years prior to the assignor's death is not subject thereto.*

Where a man, who died at the age eighty-six years, over three years prior to his
death transfers to his daughter and to two of his grandsons a number of shares
of stock in a bank, of which he is president, and in a pulp company, of which
he is a director, by assignments written on the backs of the stock certificates
and delivers such certificates to the donees, who retain them in their possession
until the donor's death, the transactions constitute gifts *inter vivos*.

Such gifts are not subject to a transfer tax on the ground that they were made
"in contemplation of * * * death," where it does not appear that they
were made in bad faith or with the intent of evading the transfer tax, or that
they were accompanied by a trust or enforcible reservation under which the
dividends upon the stock were to be paid to the donor during his life.

The facts that, during his lifetime, the donor received the dividends upon the
stock and remained president of the bank and director of the pulp company, do
not, of themselves, establish the existence of a valid trust or reservation in
respect to the dividends, as such acts of the donor could as well be predicated
upon the voluntary sufferance of the donees as upon a prior contract.

CHASE, J., dissented.

APPEAL by Nathan L. Miller, Comptroller of the State of New
York, from a decree of the Surrogate's Court of Saratoga county,
entered in said Surrogate's Court on the 24th day of March, 1902,
adjudging the estate of the deceased to be exempt from taxation
under the law relating to taxable transfers of property.

*Joseph A. Kellogg,* for the appellant.

*James W. Verbeck,* for the respondents.

KELLOGG, J.:

Daniel A. Bullard died in April, 1901, at the age of eighty-six
years and upwards. The case shows him to have been in vigorous

health until within a few weeks of his demise. On February 5, 1898, over three years prior to his death, he gave to his daughter Helen F. Brisbin, one of the respondents, 120 shares of stock in the National Bank of Schuylerville, valued at $15,600, and to his grandson Charles E. Brisbin the same number of shares in the same bank. The certificates of stock for these shares, then held by deceased, were in writing on the back transferred to these donees at that time, and were delivered to the grandson Charles, for himself and his mother, and these certificates were never afterwards in the possession of the deceased. At the time of this transfer of the bank stock certificates, the deceased gave to another grandson, Daniel A. Bullard, 2d, 300 shares of the Fort Miller Pulp and Paper Company, valued at $45,000. The certificates for these shares were, in writing on the back, signed by the deceased at the time mentioned, and transferred and delivered to the donee, and thereafter deceased never had possession thereof.

These gifts, under the circumstances disclosed, were gifts *inter vivos* and not *causa mortis*. They were irrevocable and lack the distinctive qualities of gifts *causa mortis*. They took effect immediately, and not at the death of the donor. If the construction of the language of the statute "in contemplation of * * * death," which is declared in *Matter of Spaulding* (49 App. Div. 541) by a majority of a divided court, is the correct construction, the gifts in the case before us were not made "in contemplation of * * * death." Nor does the case disclose facts sufficient to found a conclusion upon that they were made in bad faith, or with the intent of evading the transfer tax. On the question as to whether the gifts were absolute and free from any trust to pay over the income during the life of the donor and not incumbered with any enforcible reservation of the income arising after the date of such gifts, the facts of the case create a degree of doubt. No express contract is shown to support a trust or reservation. Nothing was said on the subject between the donor and donees at the time of the gifts. The subsequent action of all parties might imply that there existed an unexpressed understanding that the donor should have the earnings of the stock thereafter during his life, and should continue to hold office in the corporations the same as before while owner of the stock. He did receive the dividends and did remain president of the bank

and director in the pulp company. If such were the contracts entered into between the parties at the time of the gifts or before, then, under the authority of *Matter of Brandreth* (169 N. Y. 437) and *Matter of Cornell* (170 id. 423), the stock was subject to the transfer tax. In the cases cited, contracts were clearly established; they were not implied agreements based solely upon the subsequent acts of the parties. In the case before us, while the inference of the existence of a binding agreement is strong, it is far from conclusive. The acts of the donor can as well be predicated upon the voluntary sufferance of the donees as upon a prior contract. It was not against the interest of the donees that the old president of the bank should be continued as such and not deposed, and that he should continue also as director of the pulp company. A transfer of the stock would have ousted him from both places, and might have provoked comment among patrons, resulting in injury to both corporations. The dividends were properly declared and paid, or credited to the person appearing by the stock book of the company to be owner of the stock. The agreement, if one existed, must have been known to the two grandsons. They were called by appellant as witnesses to prove such an agreement, but their testimony does not disclose that there was one. It was incumbent upon appellant to make this proof to sustain appellant's contention. If this proof were presented to a court, on an application for the appointment of a receiver or trustee on the death of either donee in the lifetime of the donor to enforce a trust, as suggested in *Matter of Cornell* (*supra*), and no other evidence of a binding agreement were offered, there can be little doubt but the evidence would be deemed insufficient to establish a trusteeship of this stock during the life of the donor.

I am, therefore, of the opinion that on the proofs the decision of the surrogate is conclusive on this question.

The decree of the surrogate should be affirmed, with costs.

All concurred, except CHASE, J., dissenting.

Order and decree affirmed, with costs.