(No. 14265.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, vs..
STELLA TAVENER et al. Appellants.

*Opinion filed December 22, 1921.*

1. INHERITANCE TAX—*when conveyances are subject to·tax as being made in contemplation of death.* Voluntary deeds to his children made by a grantor, who is more than seventy years of age and is subject to attacks of a disease which is practically certain to result in death, are subject to the inheritance tax where they grant future estates to take effect in possession after the termination of a life estate in the grantor and where the grantor dies a year after making the deeds.

2. SAME—*agreement does not avoid inheritance tax where conveyance cannot be enforced prior to death of the grantor.* Where deeds are subject to the inheritance tax as being made in contemplation of death, the fact that it was understood between the grantor and the grantees that they were to have the land at the grantor's death if they continued to occupy the land up to that time will not avoid the inheritance tax, where there is no evidence that the agreement was such as gave the grantees the right to compel a conveyance at any time.

APPEAL from the County Court of Livingston county; the Hon. RAY SESLER, Judge, presiding.

H. G. GREENEBAUM, and CYRIL A. BURNS, for appellants.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E. BRITTON, VIRGIL L. BLANDING, and RICHARD M. O'CONNELL, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellants, Stella Tavener, Jerome R. Ruff, Jesse T. Ruff and Arthur E. Ruff, were charged with taxes on the several tracts of land conveyed to them, respectively, by their father, Charles Ruff, by virtue of the act to tax transfers of property made in contemplation of the death of the grantor or intended to take effect in possession or

enjoyment at or after such death. The county court of Liv-
ingston county entered judgment in favor of the People of
the State of Illinois against appellants for the taxes, and
they appealed from the judgment.

Charles Ruff was the owner of 640 acres of land in Liv-
ingston county, on which there were five sets of improve-
ments. He lived on what was called the home place, and
the appellants, his four children, lived upon and farmed the
other portions of the land, paying to their father two-fifths
of the produce as rent. The understanding was that the
children were to have the several tracts occupied by them
at the death of their father and were to make improve-
ments on the land. There was an incumbrance, and the
father paid his living expenses from the rent and made pay-
ments on the incumbrance, and the children also made some
contributions for that purpose. Ruff's wife died in Novem-
ber, 1919, and he had then been afflicted with diabetes three
or four years, during which time he had suffered at inter-
vals acute and severe attacks when he thought he was going
to die. After such an attack on November 29, 1919, he
executed four deeds conveying to the children portions of
the land, stating at the time that he was making the deeds
of what was coming to them when he died. The deeds were
to the four children in nearly equal portions but not always
of the same land which the grantees had occupied. He re-
served a life estate in the lands conveyed and the grantees
continued to pay him two-fifths of the produce of the farms
as rent. The grantees had occupied the lands for many
years under the arrangement by which they understood that
they were to get the land upon their father's death. The
father had severe attacks of his disease from time to time
after the deeds were made and on these occasions thought
he was going to die, and he died on December 16, 1920, at
seventy-six years of age. There was a consideration of one
dollar recited in each deed and it was paid, but there was
no other consideration aside from the understanding which

has been stated. The grantor had no other property than the real estate and there was no administration of his estate.

The statute imposes a tax upon a transfer of property made by deed, grant, bargain, sale or gift in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death. (Laws of 1909, p. 311.) The age of the grantor, his physical condition, the existence of the disease of such a character as was practically certain to result in his death, and his apprehension that death was impending, make it certain that the deeds were made in contemplation of death. (*Rosenthal* v. *People*, 211 Ill. 306; *People* v. *Carpenter*, 264 id. 400; *People* v. *Danks*, 289 id. 542.) The deeds granted future estates to take effect in possession after the termination of the life estate at the death of the grantor, and the statutory conditions were fulfilled.

The objection offered to the imposition of the taxes is, that there was a valid and binding agreement between Charles Ruff and the appellants whereby the several tracts of land were to be conveyed to them, respectively, and that the agreement constituted a legal obligation based upon a valuable and adequate consideration which could be enforced by them. The objection is not supported by the evidence, which proves an understanding that the children were to have their tracts of land at the death of their father, and not that he would convey it to them at any time. The understanding would have been completely satisfied by a will devising the lands to the several grantees, and there never was a time when they could have compelled a conveyance. If the lands had been devised there would be no question of the liability to a tax, and it can make no difference that the deeds were made with precisely the same effect. The impelling motive for making the deeds was a contemplation of death by the grantor, and the estates granted were to take effect in possession after such death.

The judgment is affirmed.    *Judgment affirmed.*