## Spangler's Estate.

*Constitutional law — Statutes — Title of act — Act of June 20, 1919, P. L. 521—Taxation of gifts—Will—Deed.*

1. Under article III, section 3, of the Constitution of this State, the provisions of a statute must not be broader than the subject expressed in its title.

2. The subject of a statute is required to be clearly expressed in its title; if not, the excess beyond the clear expression will be held void.

3. Where it is reasonably possible to do so, a statute must be so construed as to make the whole of it constitutional.

4. The Act of June 20, 1919, P. L. 521, is constitutional, except in so far, if at all, as it endeavors to tax gifts which took full effect in possession and enjoyment prior to the death of the grantor, vendor or donor.

5. A bona fide and unconditional transfer by deed or gift, which has been fully consummated by a conveyance of the title, and absolute and exclusive possession of the property taken by the transferee, is not within the purview of the Act of June 20, 1919, P. L. 521.

6. Nor is a bona fide and unconditional grant, bargain or sale, which has been thus fully consummated, or only awaits consummation in due course without reference to the death or possible death of the grantor or bargainer.

*Statutes—Construction—Cognate statute.*

7. Where a particular form of expression in a statute has been judicially construed by the court of last resort, a substantially similar expression in a later cognate statute, presumably will be entitled to the same construction.

*Tax settlement appeal—Adjudication—Finding of facts—Reasons for conclusions of law.*

8. In tax settlement appeal cases, it is the duty of the court to find the facts from the evidence and to state the reasons for the conclusions of law, touching every really disputed matter.

Argued May 20, 1924. Appeals, Nos. 261-278, Jan. T., 1924, by Commonwealth, from decree of O. C. Lancaster Co., Sept. T., 1922, on appeals from inheritance tax settlement, in Estate of Barr Spangler, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeals from settlement for inheritance tax. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Appraisement reduced. Commonwealth appealed.

*Error assigned* was, inter alia, decree, quoting it.

*John Robert Jones,* Deputy Attorney General, with him *M. E. Musser, J. W. Brown,* Deputy Attorney General, and *Geo. W. Woodruff,* Attorney General, for appellant.—The Act of June 20, 1919, P. L. 521, does not contravene section 3 of article III of the Constitution of Pennsylvania: Sugar Notch Boro., 192 Pa. 349; Com. v. Moore, 2 Pa. Superior Ct. 162; Com. v. Dale Boro., 272 Pa. 189; Minsinger v. Rau, 236 Pa. 327; Reber's Petition, 235 Pa. 622; Jewell's Est., 235 Pa. 119; Rodebaugh v. Traction Co., 190 Pa. 358; Booth & Flinn v. Miller, 237 Pa. 297; Com. ex rel. v. Powell, 249 Pa. 144; Reish v. Com., 106 Pa. 521; Seibert's App., 110 Pa. 329;

DuBois's App., 121 Pa. 368; Lines's Est., 155 Pa. 378; Hostetter's Est., 267 Pa. 193.

*Chas. E. Workman*, with him *B. Frank Kready*, for appellees.—The title is defective: Union Pass. Ry. Co.'s App., 81* Pa. 94; Dailey v. Potter Co., 203 Pa. 593; Fedorowicz v. Brobst, 254 Pa. 338; Payne v. School Dist., 168 Pa. 386; Dorsey's App., 72 Pa. 192; Strain v. Kern, 277 Pa. 209.

OPINION BY MR. JUSTICE SIMPSON, July 8, 1924:

These eighteen appeals raise a single question, namely, Is the Act of June 20, 1919, P. L. 521, unconstitutional, so far as respects taxes upon transfers "by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death" (section 1, (c)), on the ground that it violates article III, section 3 of the state Constitution, which provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The court below held that it was unconstitutional, and the Commonwealth appeals.

The statute imposes a tax "upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations" (section 1), under specified circumstances, and its other provisions are cognate to and directly connected with this purpose. Since taxes on the "transfer of any property," whether it be made by "deed, grant, bargain, sale or gift," is but a single subject, the first clause of article III, section 3, is not infringed.

So far as it is important here, the title of the statute is "An Act providing for the imposition and collection of certain taxes upon the transfer of property passing from a decedent who was a resident of this Commonwealth at the time of his death, and of property within this Com-

monwealth of a decedent who was a nonresident of the Commonwealth at the time of his death," etc., etc.

It will be noticed that the title limits the tax to property "passing from a [resident] decedent......at the time of his death," and "property within this Commonwealth of a [nonresident] decedent......at the time of his death." It is clear from the title, therefore, that no one would expect to find in the body of the act, a direction that any property should be taxed, other than such as passed from a "decedent......at the time of his death." It necessarily follows, since the one subject of a statute must be *"clearly* expressed in its title" (Provident Life and Trust Co. v. Hammond, 230 Pa. 407), and since the property, which does not pass from a decedent at the time of his death, is not within the expression of the title, that the tax specified in the act cannot be imposed on such property, because of the last clause of the constitutional provision. The only other open question is, therefore, What is meant by *"passing from* a decedent at the time of his death"? This we think is settled by our decisions under prior statutes.

By section 1 of the Collateral Inheritance Tax Act of May 6, 1887, P. L. 79, which was supplanted and repealed by the Act of 1919, estates "passing from any person, who may die seized or possessed of such estates, either by will, or under the intestate laws of this State, ......[or] transferred by deed, grant, bargain or sale, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainer,...... in trust or otherwise," if passing to collaterals, are liable for the tax imposed by that statute. The language thus quoted is, in effect, the same as that of the Act of 1919, except that the latter adds the words "made in contemplation of the death of the grantor, vendor or donor"; and is also sufficiently covered by its title, already quoted, except in so far as a distinction arises because of the use of the word "decedent" in the title. Hence, the authorities under the Act of 1887 are pertinent on

the point now being considered, although we need quote from but one of them.

In Lines's Estate, 155 Pa. 378, it appeared that decedent, a resident of Pennsylvania, who died July 22, 1890, had, several years before his death, transferred considerable personalty to a New York trustee. By the deed, he "reserved the enjoyment thereof to himself during his lifetime," but upon his decease it was to pass to certain named distributees, unless he changed the beneficiaries, which he reserved the right to do. It was held (pages 392-4) that a tax could be collected on the property thus transferred, this court saying, "it is strange that any question should have been seriously raised, ......as to the right of the Commonwealth to the tax on the securities......In any proper sense of the term, the securities were the personal property of Mr. Lines. They were his to enjoy during his lifetime, and his to dispose of, in any manner he saw fit, at any time prior to his decease......The manifest purpose of our collateral inheritance tax law is to subject property, limited by deed in the manner stated in the statute, to taxation, because it is still substantially the property of the grantor, and does not actually pass, nor is it intended to pass to the collateral beneficiaries until his death, and hence it is essentially similar in that respect to a devolution of property by testacy or intestacy upon the death of the owner. This is illustrated by several of our cases, among which are Reish v. Com., 106 Pa. 521; Seibert's App., 110 Pa. 329; DuBois's App., 121 Pa. 386. In the former it was held that the right of the Commonwealth to the tax was not defeated by a conveyance or transfer of title to the property during the lifetime of the owner, nor by possession taken under such conveyance, if the enjoyment of the property conveyed is not intended to take effect until the death of the grantor. In DuBois's Appeal, supra, speaking of the deed made by the grantor and possession taken by the grantee thereunder, etc., it is said: 'The naked legal title acquired by the grantee was the merest

shadow. The grantor held a firm grasp on the entire substance, and he retained it as long as he lived. In view of all this, it is idle to contend that, in any proper or statutory sense of the word "enjoyment," the conveyance in question took effect or was intended to take effect in enjoyment prior to the death of John DuBois.'"

That decedent reserved the right to change his beneficiaries, under the grant there being considered, was not a matter of controlling importance in that case; the vital fact was that he retained the beneficial enjoyment of the property as long as he lived. In the light of those earlier decisions, the Act of 1919 was passed, and it must be presumed, therefore, that the legislature intended the same construction to be applied to the words "passing from a decedent," used in its title and body, so far as concerns their effect on the devolution of property "passing from any person who may die seized or possessed of such estates," appearing in the Act of 1887, which it supplanted: Hedrick v. Harrisburg, 278 Pa. 274. It follows that so much of the Act of 1919 as provides that the tax is to be imposed on transfers "intended to take effect in possession or enjoyment at or after such death," must be held to be within the expression of the title.

The same conclusion must be reached as to the words "made in contemplation of the death of the grantor, vendor or donor" in the Act of 1919, if they are limited to gifts which do not take full effect before that time. As this is a possible construction, we are bound to adopt it, and thus make the whole of the act constitutional: Carr v. Ætna Accident & Liability Co., 263 Pa. 87. If there are any provisions in the body of the statute, which go beyond the limitation stated, they must fall; but even if there be any such, it will remain good in all other respects, since the act can be enforced within its constitutional limitations (Strain v. Kern, 277 Pa. 209), especially as by section 46 it is expressly provided that this shall be so.

It may not be unwise, although perhaps unnecessary, to add that a bona fide and unconditional transfer by deed or gift, which has been fully consummated by conveyance of the title, and absolute and exclusive possession of the property taken by the transferee, is not within the purview of the statute; nor is a bona fide and unconditional grant, bargain or sale, which has been thus fully consummated, or only awaits consummation in due course, without reference to the death or possible death of the grantor or bargainer; since neither is "to take effect in possession or enjoyment at or after such death."

It is not our purpose to weigh the evidence taken in the court below, in order to determine which of the disputed items are subject to the tax. In what he terms a decree, but which is in fact both an adjudication and a decree, the trial judge decided that the Act of 1919 was not constitutional, and that certain transfers by decedent were not taxable; but he did not set forth any findings of fact regarding those transfers, possibly because of his conclusion of unconstitutionality. To find the facts is his especial duty, since he saw and heard the witnesses and can best judge of the weight to be given to their testimony. Doubtless, if hereafter requested, he will duly find them, and will also state the reasons for his conclusions of law, touching every really disputed matter.

The decree of the court below is reversed, and the record is remitted that further proceedings may be had, not inconsistent with this opinion; one-half of the cost of these appeals to be paid by appellant and the other half by appellees.