## Esbenshade's Estate.

*Transfer inheritance tax—Appraisement—Appeal from—Question raised by—Evidence—Acts of May 23, 1887, and June 20, 1919, P. L. 521.*

1. On appeal from an appraisement for transfer inheritance tax involving transferred securities, the question is merely whether the securities transferred by the decedent in his lifetime are taxable as part of his estate and not as to the title, and the issue as to the title to the securities cannot be grafted on to the issue raised by the appeal.

2. A transferee of such securities is not incompetent to testify under section 5 (e) of the Act of May 23, 1887, P. L. 158, as such witness's interest is not adverse to the estate, but rather in its favor; the Commonwealth, whose rights arose after the death, being the other party.

Appeal from appraisement for transfer inheritance tax purposes. O. C. Lancaster Co., April T., 1924, No. 21.

B. C. Atlee, for appeal and estate; M. E. Musser, contra.

SMITH, P. J., Feb. 12, 1925.—This is an appeal from an appraisement made for transfer inheritance tax purposes. The appraiser chosen by the Commonwealth certifies that Esbenshade transferred securities of the value of $55,978.60 "to members of his family" "on or about Oct. 1, 1923," and testified that they were not found amongst decedent's effects. An appraiser appointed on the petition of the administrators of the estate did not inventory them, and testified substantially as did the appraiser for the Commonwealth. By a detailed memorandum in the handwriting of Esbenshade, it appears that the securities were "sold" to members of his family on Nov. 6, 1923.

The testimony of Eliza H. Esbenshade, one of the transferees, was admitted under objection by the Commonwealth to her competency. As there is ample

Esbenshade's Estate.

evidence from which to find that the securities were not a part of the decedent's estate, a discussion as to the competency of this witness would seem to be but little more than academic.

By antagonizing the appellants in the presentation of their case the Commonwealth places itself in a problematic attitude. The logic of its position determines an admission of the 'fact that the transfers were made, for its contention is that they were made in violation of paragraph (c) of section 1 of the Act of June 20, 1919, P. L. 521, which prohibits the transfer of property "made in contemplation of the death of the grantor, vendor or donor." (As the bona fides is not questioned, this contention is answered by the opinion of the court in Spangler's Estate, 281 Pa. 118.)

Among the exceptions to the competency of witnesses found in the Act of May 23, 1887, P. L. 158, "relating to the competency of witnesses," is that in sub-section (e) of section 5, which is: "Nor where any party to the thing or contract in action is dead, . . . shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . party, be a competent witness to any matter occurring before the death of said party." It is clear that one whose interest is adverse to the rights of a deceased party is barred from testifying, but this prohibition has no application to this witness. There is no dead party to a thing or contract in action. The Commonwealth's right of action became only after Esbenshade had died, and, therefore, only with an action between the living have we now to do. From this it follows that the testimony of no witness could have been adverse to the rights of a deceased party. (As a fact, the testimony of the witness was not against, but in favor of the estate. Its effect was to reduce the amount of the tax claimed by the Commonwealth.) In objecting to the competency of this witness, the Commonwealth followed a wrong scent. Because her testimony reflects title to the securities, the Commonwealth concluded that the issue trying is as to title. It goes without saying, if such were the case, the witness would not be competent to testify in her own behalf. But that is not the issue, and if it were, it would not be within the jurisdictional power of this court to try it. The issue before this court is as to the amount of the estate on which tax is collectible; and we know of no rule nor reason justifying an arbitrary grafting of another issue on to it. We do not know to whom these securities belong and do not pretend to say. If there is any uncertainty as to their ownership, that question can be determined in the Court of Common Pleas by the verdict of a jury. They were not found with Esbenshade's papers and securities, and there is circumstantial evidence enough to warrant the conclusion that they would not have been properly there. We decide only that they are not a part of his estate, and, therefore, not subject to the tax.

The witness was competent to testify, and we find that the estate has $55,978.60 less securities than were included in the appraisement, and, therefore, it is reduced by that amount and fixed at $455,601.90.

In Loeffler's Estate, 2 D. & C. 388, a case in some respects similar to the present one, the Orphans' Court of Philadelphia held that the witness was not competent.

The appeal is sustained and the appraisement is fixed at $455,601.90, costs to be paid by the Commonwealth.

From George Ross Eshleman, Lancaster, Pa.