## Leffmann's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the opinion of

Van Dusen, J., Presiding Judge.—Henry Leffmann, on July 2, 1915, executed a deed of trust transferring to the Provident Life and Trust Company of Philadelphia as trustee certain personal property therein described, by the terms of which the trustee was to hold the assets composing the trust, to pay the net income to the settlor for life, and after his decease to his wife, Fannie Frank Leffmann, for life, and after her decease, or if she predeceased the settlor, then upon his decease, to pay the net income in one-third shares to three named charities. The settlor expressly reserved the right to revoke and annul the deed and the uses and trusts thereunder, either wholly or partly, during his lifetime.

On December 12, 1925, the settlor executed a second written instrument divesting himself of the right of revocation reserved in said deed of trust, said latter instrument reciting that it was executed for that particular purpose so that the uses and trusts under said deed would become irrevocable.

Henry Leffmann died December 25, 1930, a resident of Philadelphia County. His wife died before him. The register assessed transfer inheritance tax on the trust property, under the Acts of 1919 and 1921, at ten per cent. on $55,270.82, and the charities which are now entitled to principal under the deed of trust appeal.

There are two lines of cases which deal with transfer by deed, as noticed in my concurring opinion in Arrison's Estate, 8 D. & C. 494. One set deals with deeds which leave the settlor in full control of the trust property, as where he

is to receive the income for his life and has full power of revocation. In such case the instrument is really testamentary in character: Hurley's Estate, 16 D. & C. 521. The settlor remains substantially the owner of the property, and it passes to the remainderman at his death, rather than at the date of the deed. Therefore, it is taxable as though there was a devolution by death: Lines's Estate, 155 Pa. 378; Hartley's Estate, 8 D. & C. 164. This was the situation under the present deed before the power of revocation was extinguished.

The other set of cases is that where the settlor retains the income for life, but has irrevocably disposed of the remainder after his death. Such a transfer is taxable under the express language of the Inheritance Tax Acts of May 6, 1887, P. L. 79, and June 20, 1919, P. L. 521, as a transfer by deed intended to take effect in possession or enjoyment at or after death. Whatever I may have said in Arrison's Estate intimating that the statute had been so construed as not to impose a tax in such a case, I now see was mistaken. So clear is the right to tax that the reported cases deal principally with schemes to evade the tax, such as conveying the property to those who are intended to be remaindermen and taking back an obligation to pay income to the settlor. Examples will be found in Reish, Admin'r, v. Com., 106 Pa. 521, Seibert's Appeal, 110 Pa. 329, Todd's Estate (No. 2), 237 Pa. 466, and Barber's Estate, 304 Pa. 235. In such a case the title passes at the date of the deed, although the transfer does not take effect in possession or enjoyment until later. The tax is, therefore, imposed at the rate in force at the date of the deed: Houston's Estate, 276 Pa. 330. In the present case tax is due at the rate of ten per cent. under the Act of June 20, 1919, P. L. 521, amended in 1921 to increase the rate to that amount.

It is argued that the result of the decision in Spangler's Estate, 281 Pa. 118, is that the expression in the title of the Act of 1919 "passing from a decedent . . . at the time of his death" is to be read into the body of the act, because otherwise the body of the act would not be within the title. So it is. But having so read these words into the body of the act, the appellant then wishes to interpret them in a narrow sense, to wit, that the act applies only to cases where technical legal title passes at death and not to cases where technical title passes by deed before death. The decision of the Supreme Court is to the contrary, viz., that the expression "pass at death" is to be understood in a broad sense, and that estates transferred in contemplation of death and estates to take effect in possession or enjoyment at death do, in substance, "pass at death." The effect of the decision is not to limit the meaning of the body of the act, but to enlarge the meaning of the title.

The appeal from the register is dismissed, the tax levied is sustained and the record is remitted to the register.

*Bevan A. Pennypacker,* of *Morgan, Lewis & Bockius, George B. Clothier* and *Leon J. Obermayer,* of *Edmonds, Obermayer & Rebmann,* for exceptants.

*William M. Boenning,* contra.

SINKLER, J., November 4, 1932.—The original deed of trust which was executed July 2, 1915, provides that the income from the trust estate shall be paid to the settlor during his life, and contains a clause reserving to the settlor the right to revoke the deed, either wholly or in part, during his lifetime. The supplemental deed of trust which was executed December 12, 1925, renders the original deed and the trusts thereby created irrevocable. The presiding judge has held that the time of the execution of the supplemental deed is the effective date to determine the rate at which the transfer inheritance tax shall be assessed, the rate of tax having been increased from five to ten per cent. by the acts of assembly enacted between the dates of the original and the supplemental

deeds of trust. This conclusion is correct. He has correctly construed the decisions of this court and of the appellate courts of this state, which are discussed at some length in his adjudication and to which further reference is not now necessary. Counsel for the exceptants has argued with much learning and ability the pertinence of recent decisions of the Supreme Court of the United States in which trust estates, created in a manner not dissimilar from the trust estate now before us, have been held not subject to the Federal estate tax. The decisions, as he points out, are merely persuasive, and courts of this state, since no constitutional question is involved, are not bound by those decisions but may adhere to those of our own courts.

The exceptions are dismissed and the ruling of the presiding judge in dismissing the appeal and remitting the record to the register of wills is sustained.