In re Estate of Carleton B. Toy.

No. 43034.

November 19, 1935.

Edward L. O'Connor, Attorney General, and Clair E. Hamilton, Assistant Attorney General, for appellant.

E. J. Stason, for appellees.

Richards, J.—Carleton B. Toy died testate on March 20, 1932, a resident of Woodbury county. His will was probated and the executors filed an inventory, a part of which was designated as schedule 4. By its terms this schedule 4 purported to be merely informative that on May 22, 1926, decedent had executed a written instrument transferring in trust all of the property set out in schedule 4 and that this property was not subject to inheritance tax on account of its alienation by decedent by the trust instrument prior to his death. In subsequent proceedings establishing the amount of the inheritance tax due from the estate, the property set out in schedule 4 was included as a part of the estate subject to such tax. The executors

filed objections to such inclusion of the property of schedule 4. Upon a hearing the district court sustained the objections of the executors and annulled the tax assessed against the property set out in schedule 4. From that determination by the district court, the treasurer of state has taken this appeal. The only question before us is whether the property set out in said schedule 4 was rightly excluded by the trial court in determining the extent of the assets of said estate subject to inheritance tax.

At the date of the execution by decedent of the trust instrument above mentioned there had been enacted certain statutes relative to taxes upon succession to assets of decedents, contained in chapter 351 of the 1924 Code of Iowa, which chapter, after providing that the estates of all deceased persons shall be subject to inheritance tax as provided in said chapter, contains the following section:

"7307. Property included. The tax hereby imposed shall be collected upon the net market value and shall go into the general fund of the state to be determined as herein provided, of any property passing:
"1. * * *
"2. By deed, grant, sale, gift, or transfer made in contemplation of the death of the grantor or donor, or any such deed, grant, sale, gift, or transfer made or intended to take effect in possession or enjoyment after the death of the grantor or donor. * * *"

The contention of appellant is that the above-mentioned trust instrument was a transfer made or intended to take effect in possession or enjoyment after the death of said decedent, and that consequently the property so transferred was subject to the imposition of an inheritance tax, by reason of the terms of above section 7307, and likewise by reason of the terms of section 7307 of the Code of 1931, hereinafter referred to, in force at the time of decedent's death. It being appellees' contention that section 7307 of the Code of 1924 must govern because section 7307 of the 1931 Code includes amendments enacted subsequent to the execution of the trust instrument, we will first view the contention herein in the light of said section as contained in the Code of 1924. The trust instrument itself is voluminous, but the following is a sufficient description of its material features: The instrument was executed by decedent

as the settlor and by a corporation and two individuals as the trustees of the trust therein created; by the terms of the instrument, decedent, in consideration of one dollar, sold, assigned, transferred, and set over to the trustees the property in question for the uses, trusts, and purposes thereinafter provided, for a trust period measured by the lives of first party, his wife, his two children and five nephews and nieces, and twenty-one years from and after the decease of all said persons; the instrument provides that the trustees shall have the same power, management, control, rights of disposition, investment, transfer, and conveyance of said property as first party himself has with reference to his estate during his own lifetime, except that first party reserves right at all times to direct second parties to retain any investment and the right to direct the sale or exchange of any investment and to designate the property real or personal in which the trust fund shall be invested and the right to direct the issuance of voting proxies to vote any stock that may be a part of said trust property; said instrument also contains two express provisions which we consider determinative of the question before us, namely: first, a provision that the trustees were to collect all income from said property, and, after paying the necessary expenses, were to pay over to decedent, during his lifetime for his own use, the annual net income in regular monthly installments, any income not so paid to become a part of the trust funds, and, second, an express provision that decedent retained the power to amend, alter, revoke, or cancel the instrument wholly or in part during his lifetime. It should also be added as descriptive of the trust instrument that it provides that after the death of first party the trustees shall pay the income from the property to various beneficiaries, with some shifting upon certain contingencies, with an eventual vesting of the property at the end of the trust period.

It should also be noted that the decedent did not revoke the trust instrument during his lifetime, but did execute an amendment on January 30, 1930, the provisions of which are not material herein, unless it be that in the amendment decedent provided that said original instrument remains in full force and effect except as changed by the amendment. Also, it should be noted that the property transferred by the trust instrument is identical with the property described in schedule 4, supra.

As stated, the trust instrument required that the trustees

pay over to decedent during his lifetime for his own use the annual net income from the property in regular monthly installments, any income not so paid to become a part of the trust. Appellant contends that by reason of this provision the transfer of the property of schedule 4 to the trustees was a "transfer made or intended to take effect in possession or enjoyment, after the death of the grantor or donor." We are satisfied appellant is sustained by the authorities. In the case of Blodgett, Tax Com. v. Guaranty Tr. Co. of N. Y., 114 Conn. 207, 158 A. 245, decedent had executed an irrevocable deed of trust transferring certain securities and by the instrument it was provided that the trustee should collect the income and pay same to decedent during her lifetime, and pay the income thereafter to her husband during his lifetime and thereafter pay the principal of the trust to certain other persons. The question before the court was whether the property of the trust was subject to an inheritance tax under a statute of Connecticut imposing such tax on any gift of property passing by deed, grant, or other conveyance intended to take effect in possession or in enjoyment at or after the death of the grantor or donor. The Connecticut court held that the statute recognized the distinction between taking effect in possession or enjoyment, and vesting in right, title, or interest, and held that the statute was intended to reach a shifting of the enjoyment of property, although such shifting followed necessarily from a prior transfer of title inter vivos; that within meaning and description of the statute the transfer in question was a gift intended to take effect in possession or enjoyment at or after the death of the donor, and, therefore, was subject to the succession tax. In Coolidge v. Commissioner, 268 Mass. 443, 167 N. E. 757, in sustaining the imposition of an inheritance tax under statutes similar in their essentials to the Iowa statutes, held that it is not necessary to the validity of an excise or succession tax that an interest in the property pass directly from the grantor or settlor of the trust at the time of his death, if the beneficiary under the instrument of gift, succeeds to an interest not previously enjoyed which bears a distinct and necessary relation to the death of the settlor or grantor. That a conveyance directly to the beneficiary with reservation to the grantor of a life estate or full use and control during grantor's life, or a conveyance in trust for grantor during his life falls within the meaning

of transfers "intended to take effect after death of the grantor or donor" and that such transfers are the very type that such inheritance tax statutes are intended to reach has been held in numerous jurisdictions. See In re Brix, 181 Cal. 667, 186 P. 135; People v. Tavener, 300 Ill. 373, 133 N. E. 211; In re Brandreth, 169 N. Y. 437, 62 N. E. 563, 58 L. R. A. 148. In Lamb v. Morrow, 140 Iowa 89, 117 N. W. 1118, 1121, 18 L. R. A. (N. S.) 226, it is said:

"It is no doubt true that the owner of an estate cannot defeat the tax by any device which secures to him for life the income, profits, or enjoyment thereof. The conveyance must be such as passes the *possession,* the *title, and the enjoyment* of the property in the grantor's lifetime. This is the rule in other states having statutes similar to our own (see Seibert's Appeal, 110 Pa. 329, 1 A. 346; Du Bois' Appeal, 121 Pa. 368, 15 A. 641; Reish v. Com., 106 Pa. 521; In re Brandreth's Estate, 169 N. Y. 437, 62 N. E. 563, 58 L. R. A. 148; In re Green's Estate, 153 N. Y. 223, 47 N. E. 292), *and should be the one adopted here."*

In Brown v. Gulliford, 181 Iowa 897, 899, 165 N. W. 182, 183, it is said,

"It is unquestionable it [the legislature] has the power to put a succession tax upon those who receive a deed *in praesenti,* with such a reservation in the grantor as is found in the deed here." The deed referred to reserved a life estate in the grantor. The court further says: "That is to say, though the grantee in such deed becomes the owner upon delivery of the deed in such sense that his title may be the subject of levy and seizure, and that only time is wanting to make a title which includes the right to possession and enjoyment, the legislature may subject him who takes such a conveyance to a collateral inheritance tax. It is well settled that reservation of a life estate is such postponement of possession and enjoyment as that the tax attaches under such a statute as we have."

In view of the authorities, we conclude in the case at bar that the reservation of the income by decedent during his lifetime characterizes the transfer as one made or intended to take effect in possession or enjoyment after his death within the intendment of the legislature in the enactment of section 7307,

Code of 1924, and accordingly we hold that the district court erred in sustaining the executors' objections to the inclusion of the property set out in schedule 4 of the inventory as a part of decedent's estate in determining the amount of inheritance tax payable upon the succession to said estate.

Section 7307 of the Code of 1931, which we have mentioned above, contains the same substance as section 7307 of the 1924 Code, and, in addition thereto by amendments, the legislature has added a provision that a transfer of property in respect of which the transferor reserves to himself a life income or interest shall be deemed to have been intended to take effect in possession or enjoyment at death, provided that if the transferor reserves to himself less than the entire income or interest, the transfer shall be deemed taxable only to the extent of a like proportion of the value of the property transferred. Appellees suggest that this addition to the statute was undoubtedly intended to reach property which could not have been reached under section 7307 as it stood at the time of the execution of the Toy trust instrument. There appears nothing in the amending act sustaining appellees' thought that it was a recognition that such transfers could not be reached under the earlier form of the section in question. Appellees might perhaps with more reason surmise that this addition to the statute was intended to meet a line of authorities in other jurisdictions in which it had been held that transfers providing for a sharing between the trustor and his beneficiaries of the enjoyment of the income of the trust estate during the lifetime of the trustor lie outside the contemplation of statutes similar to section 7307, Code 1924.

We advert now to the provision in the trust instrument by which decedent reserved the absolute right to himself to revoke during his lifetime the trust instrument and the transfer therein contained. Appellant contends that this reservation of itself compels the conclusion that the transfer by decedent was made or intended to take effect in possession or enjoyment after the death of decedent. In support appellant cites Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397, and other cases. It being apparent from the first part of this opinion that this case must be reversed, it becomes nonessential to consider any additional grounds for reversal urged by appellant, and we leave undetermined appellant's proposition referred to in this paragraph. We also leave unde-

termined whether, on account of the reservation of the power of revocation, the liability of the estate would be determined by the statutes in effect at date of decedent's death, rather than the date of the execution of the trust instrument.

The decree and order of the district court appealed from being erroneous, it follows that this cause must be and is reversed.—Reversed.

KINTZINGER, C. J., and ALBERT, DONEGAN, and HAMILTON, JJ., concur.