

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5955
Re: Application of the Inheritance
Tax Statute to the Estate of
Mrs. Emma Koehler.

From your request for opinion, dated April 7,
1944, and the documents accompanying it, we summarize the
following facts on which this opinion is based:

On April 18, 1939, the donor, Mrs. Emma Koehler,
transferred and delivered to certain trustees 968 shares of
stock of the San Antonio Brewing Association to be held by
them during the lifetime of the donor and for a period of
five years after her death. During the term of the trust,
said trustees shall have the power (a) "to vote such stock
on all questions that may come up, including the sale, mort-
gaging and encumbering or improvement of the property of
said corporation," (b) to sell and transfer the stock. None
of the dividends or other amounts accruing on the stock
shall be paid to the trustees, but shall be paid by the
association directly to the beneficiaries named in the in-
strument. In the event of the sale of the stock, the trus-
tees are directed to deliver the proceeds of the sale to the
named beneficiaries in accordance with their ownership. Upon
termination of the trust, the stock shall be delivered to the
several donees, their legal representatives or testamentary
legatees.

The trust deed recites that "separate certificates
(of stock) have this day been issued to said (beneficiaries)
in the amounts named, and delivered. . . to said Trustees to
be held by them for the said beneficiaries in the manner sub-
ject to the reservations, restrictions and limitations herein-
after mentioned."

Hon. Geo. H. Sheppard, page 2

The trust deed further recites: "It is intended by this instrument and the issuance of said stock certificates to make an outright gift of said stock to each of said persons; but in view of the fact that the donees to whom these gifts are being made are widely scattered, and as I deem it to the best interests of the San Antonio Brewing Association and of the other stockholders, to have the voting of the said stock for the persons hereinafter mentioned vested in the said Trustees, I have delivered the said stock in trust to the said" trustees, with the powers noted above. (Emphasis ours)

You advise that at the time of her death, on April 26, 1943, Mrs. Koehler owned 1202 shares of stock in the San Antonio Brewing Association.

You ask whether or not this transfer is "a gift to take effect at or after the death of the donor and includable as a part of the gross estate and subject to the tax."

The pertinent portion of our inheritance tax statute (Art. 7117, V.A.C.S.) is as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein. . . which shall pass absolutely or in trust by will . . . , or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to tax. . ." (Emphasis ours)

The courts of this State have consistently held that the inheritance tax is a tax imposed upon the right to receive or succeed to the possession or enjoyment of the property involved. State v. Hogg, 123 Tex. 568, 72 S. W. (2d) 593; Bethea v. Sheppard, 143 S. W. (2d) 997 (error refused).

The right to receive or succeed to the possession or enjoyment of property is taxable when such possession or enjoyment is received under a transfer made or intended to take effect after the death of the donor. The court in Bethea v. Sheppard, supra, said:

Hon. Geo. H. Sheppard, page 3

"It is not a question of when the beneficial interest is created, but the tax is imposed upon the right to receive in possession or enjoyment after the death of grantor or settlor. In consequence, a grantor or settlor may create an irrevocable trust during his lifetime. Still if he postpones the right of possession or enjoyment of the beneficiary until after grantor's death, <u>the property or any interest therein</u> is subject to the inheritance or succession tax at or after his death. Under our statute, where either 'possession' or 'enjoyment' is made contingent upon the death of grantor or settlor of all or any part of the trust estate, such transfer is taxable." (Emphasis ours)

The courts of other states have generally held transfers in trust wherein the grantor or settlor has reserved a life income to be taxable under a statute taxing transfers made or intended to take effect in possession or enjoyment at or after the death of the donor or settlor. 61 C. J. 1663, Sec. 2484(d) and cases cited. 49 A. L. R. 874; 67 A. L. R. 1250; 100 A. L. R. 1246; 121 A. L. R. 364.

It is also generally held that if the income of the trust property is payable to the beneficiary until the death of the grantor or settlor, at which time the remainder of the corpus is to pass to the beneficiary, the right of succession thereto is, as to the remainder, taxable as being made or intended to take effect in possession or enjoyment after the death of the donor or settlor. In re Tey's Estate, 220 Ia. 825, 263 N. W. 501; People v. McCormick, 327 Ill. 547, 158 N. E. 861; In re Hollander's Estate, 123 N. J. Eq. 52, 195 A. 805.

In re Hollander's Estate is closely analogous to the Koehler trust. In that case there were two trusts, the income during the <u>donor's</u> life to be paid to donor's wife, her heirs or legal representatives, and at the death of the donor, the corpus was to be paid to the <u>same beneficiaries</u>. The donor retained absolutely no power of alteration or revocation, no control, and neither he nor his estate could receive any benefits from the trusts. At page 807 of 195 A., the court said:

Hon. Geo. R. Sheppard, page 4

"The transfer of the remainder (after the life of the donor) does of course come within the literal words of the statute. Such remainder interest can come into possession and enjoyment by the remaindermen only at, and not until, the termination of the prior life estate at the death of the donor (as is somewhat more obvious in a case where the life tenant and the remaindermen are different persons). But on the other hand, both interests are immediately and completely transferred at one and the same time by one and the same instrument or act of transfer. In essence and in practical effect, the donor by that instrument made and effectuated a single gift or transfer of the whole estate, his complete interest in the property; and concededly if his deed or instrument had conveyed such whole estate, expressed as a single entity instead of expressed in the two parts, the transfer would not be taxable. . . .

". . .

". . . a presently effective transfer by a donor inter vivos, of a separately and specifically expressed remainder interest, where such remainder interest is expressed to commence at a time at or after the death of the donor, is taxable under our statute; notwithstanding that by the very same act or instrument of transfer the donor simultaneously transfers all other interests in the same property and thereby completely and presently divests himself of all interest or possibility of interest in the property as a whole. . . ."

". . .

"The test of taxability is not the time of the complete divesting of the transferor's interest or ownership; it is the time of the complete succession by the transferee. Where there is a transfer of a specific interest in property and the succession of the transferee does not become, and under the terms of the transfer is not to become, complete until a time at or after the death of the transferor, that transfer is taxable. 'The distinction * * * rests on * * * whether the donee is deprived of an interest of some kind * * * until the donor's death,'— In re Honeyman, supra, 98 N. J. Eq. 638, at page 643, 129 A. 393, 395, Cf., also, In re Hartford, supra.

Hon. Geo. H. Sheppard, page 5

"In the instant case, the transferor, in order to make a complete gift of the entire property to his wife, did not have to separate it into an estate during his own life and a remainder after his death. Obviously he made the gift in that manner, of the two interests separately, for his own benefit or for the benefit of his own desires and purposes. That, of course, he had a perfect right to do; but by so doing and obtaining such benefit, he also made the transfer of the remainder subject to the burden of the tax imposed by the statute upon such transfer." (Emphasis ours)

So in the instrument under consideration, Mrs. Koehler made the gift of the two interests separately for her own benefit. Even after the transfer, she owned a substantial number of shares of stock in the Brewing Association — as evidenced by the fact that at her death she owned 1202 shares. She was one of those other stockholders for whose "best interests" she deemed it wise to have the voting of the transferred stock vested in the trustees, which voting rights included the powers to sell either the stock or all of the assets of the corporation, to mortgage or encumber the property of the corporation. As long as Mrs. Koehler should live, and for five years after her death, the beneficiaries had the right to no more than the income of the trust property. It required the death of the donor, and the lapse of five years after her death, to vest in the beneficiaries any control, any right of possession or enjoyment of the principal or corpus of the trust estate. As the court said in Bethea v. Sheppard, supra, at page 1003, "It is manifest that the right of possession and enjoyment of income is not possession or enjoyment of the principal or corpus of the trust estate which produces the income."

In answer to your inquiry, this is a transfer "made or intended to take effect in possession or enjoyment after the death of the grantor or donor," and is subject to the tax.

We are returning herewith the file which accompanied your opinion request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Arthur L. Moller_
Arthur L. Moller
Assistant

APPROVED APR 13, 1944

_C. J. Blackburn_
ATTORNEY GENERAL OF TEXAS

ALM:AMM